## VERDEN *vs.* COLEMAN.

1. A patent was granted to a pre-emptor in 1841 for a tract of land which had been previously assigned, by the direction of the President, to a Pottawatomie Indian, under the terms of the treaty with that tribe. The patent was adjudged to be a valid grant of land by the Supreme Court of Indiana: *Held*, that this case is not within the clause of the 25th section of the judiciary act, which confers jurisdiction upon this court to re-examine judgments or decrees of State courts adverse to " an authority exercised under the United States."

2. The fact that the title set up for the Indian in this case is under a treaty, does not avail to give this court jurisdiction, because neither the Indian himself nor any one claiming through him is party to the suit.

Writ of error to the Supreme Court of Indiana.

Coleman filed a bill in equity against Verden in the Benton county circuit, Indiana, to foreclose a mortgage. The complainant set out a note given by Verden to him for $2,315, and a mortgage on six pieces of land to secure its payment, and prayed a decree of foreclosure. The defendant, in his answer, admitted the making of the note and the execution of the mortgage; and set up, by way of avoidance, the following facts: That he purchased, at the time the note and mortgage were given, six pieces of land, five from the complainant and one from Samuel Coleman, for the gross sum of $4,315, of which he paid down $2,000, and gave the note and mortgage to secure the balance, $2,315. The whole six lots were included in the mortgage, and the whole constituted one transaction. But the defendant alleged, that for one of the six lots, the value of which alone was greater than the sum specified as due on the note and mortgage, he had got a worthless title. The title which he got rested upon a patent given to one Hewett in 1841, as a pre-emptor. He alleged that the land patented to Hewett had been reserved by the treaty of 1832 with the Pottawatomie Indians, to one To-pen-na-be, a member of the tribe, and that previous to the date of Hewett's pre-emption title the President of the United States had selected

and located the tract in question and assigned it to the Indian to whom it legally belonged at the date of the patent. The defendant set out the documents upon which To-pen-na-be's title rested. In reply, the complainant insisted that Hewett acquired the legal title as pre-emptor, and that To-pen-na-be acquired none by the treaty and the proceedings had under it. He set out the documents upon which the Hewett title rested. The defendant demurred to the replication, but the demurrer was overruled and a decree of foreclosure entered. He appealed to the Supreme Court of the State, where the decree was affirmed. He, thereupon, removed the cause to the Supreme Court of the United States by a writ of error under the 25th section of the judiciary act.

*Mr. Gillet,* of Washington city, and *Mr. Mace,* of Indiana, for plaintiff in error.

*Mr. Baird,* of Indiana, for defendant in error.

Mr. Justice GRIER. Does this case come within the 25th section of the judiciary act?

The bill filed in the State court is for the foreclosure of a mortgage. The defence set up by the mortgagor was, that the consideration of the note which the mortgage secured was the purchase money of the land mortgaged; that the title to one of the tracts was through a patent of the United States to Hannamah Hewett; that this patent did not convey a good title, because in 1832 the United States concluded a treaty of purchase of a large tract of country with the Pottawatomie Indians; that by the terms of this treaty a section was reserved for an Indian named To-pen-na-be, to be located under direction of the President; that before the date of the patent to Hewett for this quarter section the whole section, including it, had been assigned to To-pen-na-be.

The patent was, nevertheless, granted to Hewett because of a prior equity by settlement.

The Supreme Court of Indiana decided that the patent to Hewett was a valid grant of the land. This decision will not

bring the case within the 25th section. Nor can we claim it because of the title set up under the treaty with the Indians, because neither To-pen-na-be nor any one claiming under him is party to the suit.

This court has decided in the cases of *Owings* vs. *Norwood,* (5 Cranch, 344,) and of *Henderson* vs. *Tennessee,* (10 How., 311,) that "in order to give jurisdiction to this court the party must claim the title under the treaty for himself, and not for a third person, in whose title he has no interest."

*This case is, therefore, dismissed for want of jurisdiction.*