### MILLER *v.* LANCASTER BANK.

Where a party sues out a writ of error to a State court, this court has no jurisdiction to re-examine the judgment or the decree, although it be adverse to the Federal right, if he set up and claimed the right, not for himself, but for a party in whose title he had no interest.

MOTION to dismiss a writ of error to the Court of Appeals of the State of Kentucky.

The facts are stated in the opinion of the court.

*Mr. Richard T. Merrick* and *Mr. Martin F. Morris* in support of the motion.

*Mr. Philip Phillips* and *Mr. W. Hallett Phillips* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

From this record it appears that one S. W. Miller, being insolvent, made an assignment of his property to M. J. Durham, trustee, for the benefit of his creditors. The trustee afterwards

instituted a suit in the Boyle Circuit Court of Kentucky to enforce his trust. To this suit S. D. Miller and E. B. Miller, two of the present appellants, were parties; and in due course of proceeding a decree was entered for the sale of the assigned property. In this decree it appears that S. D. Miller and E. B. Miller, who were then in possession of part of the premises under a lease, were permitted to hold until the 31st of December, 1880, but it was added: "Said S. D. Miller and Ed. B. Miller agree to give said trustee the full, entire, and peaceable possession of the house and lands they use and occupy, on or before the thirty-first day of December next, and on their failure so to do, the trustee, Durham, may have a writ of *habere facias possessionem* against each of them, and the clerk of this court is hereby directed to issue the same."

Under this decree the property now in question was sold and duly conveyed to the First National Bank of Danville. The Danville Bank afterwards sold and conveyed the property to the National Bank of Lancaster, a bank organized under the national banking law. Tit. LXII., Revised Statutes. After these conveyances were made a writ was applied for, under the decree, in behalf of the Lancaster Bank, and issued to John Meyer, sheriff of the county, commanding him to take the possession of the property from S. D. Miller and E. B. Miller, and deliver it to Durham, the trustee. Thereupon S. D. Miller, E. B. Miller, and John W. Miller, the last of whom had in some way got into the possession of the property after the decree, filed a petition in the Boyle Circuit Court against the Lancaster Bank and the sheriff, to enjoin the execution of the writ, on the ground that it was issued without authority and was void. In this petition it was alleged that the Lancaster Bank had no power under its charter to take and hold the property, and that consequently the deed to it was inoperative and void. There were also allegations of irregularity in the form of the writ, and that since the decree Durham, the trustee, had sold and conveyed the property to the Danville Bank. To this petition the Lancaster Bank filed an answer and counter-claim. In the counter-claim the bank set up its title through the sale under the decree. The prayer was that the petition of the plaintiffs be dismissed and a judgment rendered for the recovery

of possession. Upon the hearing the writ which had been issued was set aside for irregularity, but a new writ was awarded the bank. From a judgment to that effect an appeal was taken to the Court of Appeals of Kentucky, where the judgment was affirmed. To reverse this judgment of affirmance the present writ of error was brought.

Our jurisdiction depends on the question whether the plaintiffs in error have been denied by the judgment below any "title, right, privilege, or immunity specially set up or claimed" under the banking act. As early as 1809 it was held by this court in *Owings* v. *Norwood's Lessee*, 5 Cranch, 344, that in order to give us jurisdiction in this class of cases the right, title, or immunity which is denied must grow out of the Constitution, or a treaty or statute of the United States relied on. Under this rule jurisdiction was not taken in that case, although it was an action of ejectment by Norwood's lessee, and the record showed that an effort was made to defeat the recovery because of an outstanding title in a third person adverse to Norwood and protected by a treaty. Mr. Chief Justice Marshall, in speaking for the court, said : " Whenever a right grows out of, or is protected by, a treaty, it is sanctioned against all the laws and judicial decisions of the States; and whoever may have this right is to be protected. But if the person's title is not affected by the treaty, or if he claims nothing under a treaty, his title cannot be protected by the treaty." The principle thus announced has been recognized in many cases since. *Montgomery* v. *Hernandez*, 12 Wheat. 129 ; *Henderson* v. *Tennessee*, 10 How. 311 ; *Wynn* v. *Morris*, 20 id. 3 ; *Hale* v. *Gaines*, 22 id. 144; *Verden* v. *Coleman*, 1 Black, 472 ; *Long* v. *Converse*, 91 U. S. 105. *Henderson* v. *Tennessee*, like *Owings* v. *Norwood's Lessee*, was an action of ejectment, and the effort was to defeat the recovery by showing an outstanding title in a third person under a treaty with which the party in possession did not connect himself; but the jurisdiction was denied, Mr. Chief Justice Taney saying, in the opinion : " The right to make this defence is not derived from the treaties, nor from any authority exercised under the general government. It is given by the laws of the State, which provide that the defendant in ejectment may set up title in a stranger

in bar of the action.  It is true the title set up in this case was claimed under a treaty.  But to give jurisdiction to this court the party must claim the right for himself, and not for a third person in whose title he has no interest."  And in *Hale* v. *Gaines* it was said : " The plaintiff in error must claim (for himself) some title, right, privilege, or exemption under an act of Congress, &c., and the decision must be against his claim to give this court jurisdiction.  Setting up a title in the United States by way of defence is not claiming a personal interest affecting the subject in litigation."

In our opinion these cases are conclusive of the present motion.  The plaintiffs in error set up no title against the bank.  In effect, they seek to prevent the issue of an execution on a judgment against them, or those under whom they claim, because, as between the Danville Bank and the Lancaster Bank, a conveyance made by the Danville Bank of the property to be delivered under the execution is inoperative on account of the provisions of the banking law.  What was done between the two banks had no effect on the title of the parties in possession, and it was a matter of no importance to them whether the execution issued on the application of the one or the other.  Clearly, therefore, the plaintiffs in error occupy no other position than that of parties setting up title in the Danville Bank by way of defence, and that is not claiming for themselves any title, right, privilege, or immunity given by the law.

*Motion granted.*

MR. JUSTICE MILLER took no part in the decision of this case.