EASTERN DIST.
*January*, 1835.

BERLUCHAUX
*vs.*
BERLUCHAUX
ET ALS.

tutor, whether the minor be or be not domiciliated therein.
Where a minor resides in a foreign country, and inherits property in this state, a tutor *ad bona* must be appointed to make partition or administer it.

---

### BERLUCHAUX *vs.* BERLUCHAUX ET ALS.

#### ON A PETITION FOR A RE-HEARING.

It is a general principle, admitted by the comity of nations, that the tutor, of a minor, deriving his authority from the law of their common domicil, has a right to exercise the actions of his pupil every where.

The *law* 9, *tit*, 16, *Partida* 6, adopts the system of the Roman law in the 118th novel of Justinian, requiring the mother who accepts the tutorship of her children, other than that conferred by testament, to give security.

This case comes before the court, in this instance, on an application for a re-hearing. *See the decision of the case, ante 539.*

*Soulé,* for the tutor and appellant, applied for a re-hearing, on the following grounds :

1. In this case the minor to whom a tutor has been appointed, resides with her mother, in the dominions of Spain, where natural tutorship is governed by the same principles as those which prevail in Louisiana.

2. By our laws, the tutorship of minor children belongs of right to the surviving parent, as *natural tutor*; it takes place

as a matter of right, without being confirmed by the judge. *La. Code, art.* 265, 268.

3. A minor having a mother living, cannot be subject, as regards his person and property, to the power and authority of any other person than that of her mother, unless she has been deprived of her right of tutorship, or has expressly renounced it.

4. In the present case, the appointment of a permanent and unqualified tutor, has the effect to deprive the mother of the tutorship; if his functions are only temporary and limited to the particular object for which they were conferred, it is only a *special* tutorship, which may exist simultaneously with natural tutorship.

5. The court seems to recognise in its decree, that the mother, on coming here, could claim the tutorship, which is admitting it to be special as conferred here, and which the court has thought proper to qualify, by terming him tutor *ad bona.*

6. Our jurisprudence, modified as it is by the act of 1830, no longer recognises even curators *ad bona :* that law, has respected curators *ad hoc* and tutors *ad hoc,* but it has introduced nothing in our system that might apprise us of a tutor *ad bona.* Such a tutor is unknown to our jurisprudence.

7. Any tutorship, other than that which must exist in all cases over the minor, is essentially special and limited to the the particular case that gave rise to it, and in the strictest sense is a tutorship *ad hoc.*

8. The principle is generally recognised, that the authority of the tutor cannot extend and be exercised beyond the limits of the country of his appointment, except as regards the personal rights of the minor; but the law of the place where it is situated must govern in regard to immoveable property.

9. It is true the code provides that a tutor, *conformably to law,* shall be appointed to the absent minor, when the father and mother reside out of the state, and when an inheritance is to be administered. *La. Code,* 1092.

10. The text of this article points out a direct reference to other provisions, and by recurring to article 295, we see what

kind of tutor must be appointed in the present case. But one absolute tutor can exist; all others are special, as tutors ad hoc.

EASTERN DIST.
January, 1835.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.

11. In France, a *pro-tutor* is appointed whenever a minor has property situated elsewhere than in the country of his domicil. *Merlin, Toullier, Sirey, Duranton, Paillet,* all recognise in the functions of this pro-tutor, those of a *special* one. By the Roman law, a special tutor was appointed to represent the minor in particular cases, when his absolute tutor could not act.

12. In this case the appointment of tutor is only special. Who could dispute the mother's right, when duly recognised as tutrix, according to the laws of Spain, to come here and claim the personal rights and actions of her minor daughter, or the proceeds of the property sold here? As soon as she has complied with the formalities of our laws, she can sue and recover in the name of her minor child, the debts due to her in this state, which will render the tutor's functions ineffectual or purely temporary and special.

*Bullard, J.,* delivered the opinion of the court.

The court has given to the petition for a re-hearing in this case, a deliberate consideration, and now proceeds to state the reasons why its first judgment should not be disturbed.

We do not hesitate to avow that our first impressions were strongly in accordance with the views of the counsel for the appellant. It seems well settled, and the principle is not controverted by this court, that the tutor of a minor deriving his authority from the law of their common domicil, has a right to exercise the actions of his pupil every where. The comity of nations recognises the validity of such an authority. Such is the doctrine taught by most of the continental writers, cited by Judge Story, in his work on the Conflict of Laws, to which our attention has been called, and which we often consult with pleasure and with profit. The first question, therefore, which presents itself, is one of fact : has Amanda Berluchaux a tutor, recognised as such by the laws of Spain? If so, she may be properly represented by him in the action

It is a general principle admitted by the comity of nations, that the tutor of a minor, deriving his authority from the law of their common domicil, has a right to exercise the actions of his pupil every where.

EASTERN DIST.
January, 1835.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.
of partition now pending. In deciding on this question, we thought ourselves authorised to proceed upon that knowledge of the laws of Spain, which we derive from the fact that Louisiana was long governed by the same system, as was done in two cases reported in 1 *La. Rep.* 255 *and* 542.

The counsel assumes as a fact, that natural tutorship is governed in Spain by the same principles as those adopted in this state , that it takes place of right, without the necessity of being confirmed, and that those same principles are recognised by the Spanish as well as Roman jurisprudence.

This confident assertion has induced us to examine again those parts of the Spanish law which relate to this subject, lest we may have been mistaken in supposing, as we did in the opinion first pronounced, that the tutorship conferred on the mother is merely legal, and requires an express judicial recognition and confirmation. In the result of this second investigation we think we cannot be mistaken. It is incontestible, that the mother's right to the tutorship of her children was unknown to the jurisprudence of Rome, until the promulgation of the 118th novel of Justinian. The tutorship is conferred on her by that novel, as the nearest relation, when the father has appointed no tutor, by will, but always under the express condition that she shall renounce the right of contracting a second marriage, and the benefit of the *senatus consultum velleinanim.* On making these renunciations, she shall be preferred, says the novel, to all the collaterals, except the tutor appointed by the testament of the father. 118*th Novel, chap. 5.*

The *law 9, tit. 16, Partida 6, adopts the system of the Roman law, in the 118th Novel of Justinian, requiring the mother who accepts the tutorship of her children, other than that conferred by testament, to give security.*

The 9*th law, 16th title of the 6th Partida,* adopted the system of the novel, and requires the mother who accepts the tutorship of her children, other than that conferred by the testament of the father, to give security. In addition to the authorities referred to in our first opinion, to establish the character and requisites of this species of tutorship, we might rely on the opinion of *Gomez, in Legis Tauri, 14th law, No.* 10, *et seq.*

EASTERN DIST.
January, 1835.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.

*Febrero,* whose authority will hardly be questioned, so far from regarding the tutorship of the mother as natural, in our legal sense of the term, treats it expressly as anomalous, irregular and extraordinary.   1 *Feb. Novisimo,* 148, *No.* 11.

With such views of the laws of Spain, we thought that the execution of a power of attorney, before the American consul at St Jago de Cuba, by the mother, assuming the quality of guardian or tutrix to her minor children, did not alone furnish sufficient evidence of her capacity as such.

That question being disposed of, it only remains to inquire whether the most proper appointment to be made by the court, was of a tutor *ad bona,* generally, or a tutor *ad hoc.* On this subject, the counsel is pleased to remark that, " our jurisprudence, modified as it has been by the law of 1830, recognises no more curators *ad bona* ; that law has respected curators *ad hoc,* tutors *ad hoc,* but it has introduced nothing in our system of laws, that might apprise us of the existence of a tutor *ad bona.*   Such a tutor is unknown to any jurisprudence."

The court is not sensible of meriting the compliment of having enriched our jurisprudence with a new principle, or our legal language with a new term.   Neither the thing nor the name is original with the court.   *The Code of Practice, article* 946 provides that " if the father and mother of the minor reside out of the state, and are not represented in it, and the minor be also absent, he may be provided with a tutor, by the judge of probates of the place where his principal property is, or where he has interests to assert or defend."   It is true, the tutor in such a case, is not expressly called tutor *ad bona,* but it is clear the tutorship is limited, and cannot extend to the person of the pupil, because he is presumed to be under the paternal power, and the duties of such a tutor are confined, necessarily, to the property and interests of the minor.   Perhaps a better translation could not be made into Latin, than to say at once, without paraphrase, he would be a tutor *ad bona.*   By the 271st article of the Civil Code, it is declared that when the mother refuses the tutorship, she still retains the superintendence of her chil-

EASTERN DIST.
*January, 1835.*

BERLUCHAUX
*vs.*
BERLUCHAUX
ET ALS.

dren, and the care of their education. The tutor, in such a case, is merely entrusted with what concerns the administration of their property. This is, most emphatically, a tutorship *ad bona*, although not so expressed. But the article 1092 of the La. Code, speaks pointedly of tutors and curators *ad bona*.

In short, it appears to us to result from all the provisions of our law, on this subject, that the legislature intended to provide more ample guards and guarantees for the protection of the interests of absent minors, than could be expected from the mere appointment of a nominal tutor *ad hoc*, in a particular suit, whose duties would necessarily terminate with the suit, and who, in this particular case, would be, perhaps, without authority to receive the share coming to the minor, after the partition should have been effected, and who gives no security for the delivery of it to the party interested. It is true, these provisions do not prevent persons having claims against a minor or absent person, from pursuing the same, previous to the appointment of a tutor or curator ; but in such cases, the absentee may be represented in the suit by a curator or tutor *ad hoc*. *Code of Practice, art* 964. It is, however, the duty of the relations of a minor, to provoke the appointment of a tutor, either with full power, as such, over the person and property, or in a more restricted sense of the word, but always under some alternate legal responsibility towards his pupil.

The re-hearing, for these reasons, is refused.