DAWKINS, J.
This is a proceeding by mandamus to compel the defendant, as Grand Master of Eureka Grand Lodge, E. & A. M. (Colored) of Louisiana, and individually, ■ “to remove the indefinite suspension of Henry E. Braden, Sr., as a member of the Masonic Craft, of Olympia Lodge No. 125, and the M. W. Eureka Grand Lodge, E. &• A. M., for the state of Louisiana. * * * ” Plaintiff alleges that he is a member in good standing of both the local and Grand Lodge, and that defendant was without authority to suspend petitioner; that the only way in which he could be suspended under the constitution, rules, and by-laws of the said lodges was by the preferring of written charges, service thereof, proper hearing, and the votes of two-thirds of the members of the said lodges; and that such proceedings had not been had, the action of said Lewis being arbitrary and ultra vires of his powers as Grand Master.
Defendant pleaded the 'exception of no cause of action and no right of action; that the civil courts were without jurisdiction to control the internal affairs of the said lodges; and that the plaintiff, being a member of said lodges, had elected to be governed by their regulations and authority.
Eor answer, he admitted that plaintiff had been indefinitely suspended by respondent, as Grand Master of Masons of Louisiana, acting under the authority conferred “by the charter and by-laws of the’ Grand Lodge and by authority of ancient usages and Masonic landmark,” for the reason that he (plaintiff) had “displayed want of respect for the authority of the Grand Master of Masons, violating and ignoring the. laws of Masonic Craft and repudiating and combating them and seeking to destroy the lawful Masonic actions of its Grand Mdster and in various and divers ways bringing the craft into disrepute and encouraging insubordination.” Defendant further averred that the said suspension did not work a deprivation of the rights of a Mason, but merely suspended for just cause the privileges as such during the time of suspension; that it remained with plaintiff entirely as to the duration of such suspension; and that Masonic laws point out his duty and the method to be pursued to obtain the countermanding of the order suspending him; that, the order of suspension remains in force until the Grand Lodge, itself, disposes of such action; and that the matter will come properly before said Grand Lodge at its next meeting after such suspension. He further averred that plaintiff has full and adequate remedy within the order. Respondent prayed that his exceptions be maintained, and, in the alternative, that plaintiff’s demands be rejected.
The petition was filed on December 1,1917, the answer on December 25, .1917, and on January 4, 1918, defendant filed an amended answer, in which it was' averred that the Grand Lodge had met on December 27, 1917, tried plaintiff according to Masonic usage, for un-Masonic conduct, and expelled him from the order, and pleaded his expulsion in bar of the relief sought by him.
The said amendment was disallowed.
There was judgment for plaintiff, making the alternative writ of mandamus peremptory, and ordering respondent to abrogate his ruling suspending plaintiff from the local and Grand Lodges.
Defendant has appealed.
*923 Opinion.
March 6, 1869, the Legislature passed Act No. 71, incorporating the “Grand Lodge oí Free and Accepted Ancient York Masons for the State of Louisiana,” with “full power to make, alter, amend and change such by-laws as may be agreed upon by members of the same, * * * not repugnant to the Constitution and laws of the United States and of this state,” and section 3 of said act provided further as follows:
“Be it further enacted, etc., that all the lodges and Masonic bodies already constituted, as well as all the lodges and Masonic bodies which shall be constituted hereafter by the said Grand Lodge, are hereby declared to be bodies corporate and politic in name and deed, by whatever style or name they may be called and known in their constitution, with equal powers to those which are given to the said Grand Lodge, so long as the said lodges or Masonic bodies remain under the power and jurisdiction of said Grand Lodge, and in all things abide' by and conform themselves to the statutes, resolutions and by-laws of the same, and no longer.”
Pursuant to said statute, the said lodge was organized and adopted a “constitution,” in which, among other things, it was provided:
“Article Eleven. >
“The Grand Lodge is the highest source of authority on Ancient Craft Masonry within her jurisdiction; it may therefore: * * *
“(2) It has original and exclusive jurisdiction over all subjects of Masonic legislation, and appellate jurisdiction' from the decisions of subordinate lodges, and its enactments and decisions upon all questions shall be the supreme masonic law of the state.
“(3) * * * And has final decision and determination of all matters of' controversy or grievance which may be brought up by appeal or otherwise. It may assume original jurisdiction in all matters in dispute.”
[1] It would seem from the statute thus quoted, and the constitution and by-laws adopted pursuant thereto, that the power of the Grand Lodge over subordinate lodges and the individuals who compose them is supreme, and it follows, logically, that any one who becomes a member of the craft voluntarily subjects himself to the jurisdiction and processes therein provided for the determination of his fraternal rights, and is bound thereby, if the methods which the order has provided are followed, without discrimination, after proper and timely hearing. In other words, the parties themselves have agreed, in advance, upon a tribunal for the adjudication of all disputes, and it is to that source that they must first look for relief.
[2] Paragraph 2 of section 4 of the by-laws requires that—
“It shall furthermore be considered the duty of the M. W. Grand .Master to communicate in writing, immediately before or after the ap'pointment of the standing committees, a statement of his official acts during the recess of the Grand Lodge, with such other matters as he may deem advantageous to the craft; he shall also give to the Grand Lodge information upon topics of Masonic interest, and recommend for its consideration any measures he may deem expedient, which communication shall be referred to such appropriate committees as its various details require.”
Hence the action of that officer in the present case was bound to come before the Grand Lodge at its next regular meeting, and ' until the lodge had acted the remedies within the order had not been exhausted, and the plaintiff had not put himself in a position to appeal to the courts. Local Union No. 76, etc., v. United Carpenters and Joiners of America et al., 143 La. 901, 79 South. 532; 25 R. C. L. § 16; Independent Order of Sons & Daughters of Jacob of America v. Wilkes, 98 Miss. 179, 53 South. 493, 52 L. R. A. (N. S.) 817.
For the reasons assigned, the judgment appealed from is annulled and set aside, and the suit dismissed, at plaintiff’s costs.