(90 South. 214)

No. 23296.

**BRADEN v. LEWIS.**

(Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Beneficial associations ⊛10(7) — Courts will not entertain complaint until one has exhausted remedies within order.**

Where Act of March 6, 1869, incorporating the colored Grand Lodge of Masons, authorized that order to enact rules and regulations consistent therewith, and not otherwise prohibited by law, and such lodge has provided a method and machinery for trial of practically all differences between its members, until the remedies within the order have been exhausted, the courts will not entertain a complaint of one claiming to have been injured by expulsion.

**2. Beneficial associations ⊛10(7) — Member may not sue for damages for suspension until after exhausting remedies within the order.**

While one suspended from a beneficial association might have abandoned or withdrawn from it and at once sued for damages, when the courts could have inquired into the validity of the acts complained of, yet, where one is still a member of the order, he has no standing to sue for damages until he has exhausted the remedies provided by the order.

**3. Beneficial associations ⊛10(6)—Courts will not review fact findings of association's appellate tribunal.**

If the appellate tribunal of a beneficial association should find that facts justified its chief officer in suspending plaintiff, and the appellate tribunal were lawfully constituted and exercised its jurisdiction with due regard to the forms and procedure provided, with notice to and hearing to plaintiff, the courts would not review its findings on the facts.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by Henry E. Braden, Sr., against John G. Lewis. Judgment for plaintiff, and defendant appeals. Judgment annulled and set aside, and plaintiff's demands dismissed as in case of nonsuit.

Breazeale & Breazeale, of Natchitoches, for appellant.

Paul A. Sompayrac, of New Orleans, for appellee.

DAWKINS, J. Plaintiff sues for damages alleged to have been suffered by the act of the defendant in attempting, as Grand Master of colored Masons in Louisiana, to suspend plaintiff as a member of the Grand Lodge and local lodge of Masons, No. 125, in the city of New Orleans. Plaintiff claims that the act of the defendant was unauthorized by the rules and regulations of the order, ultra vires his powers as Grand Master, and actuated by malice and ill feeling against plaintiff.

The answer admits the suspension, but claims that it was done under proper authority, for sufficient cause, and without malice; and defendant further pleads in his answer the exception of no cause of action. Defendant further averred that since the filing of the suit plaintiff had been expelled from the order by unanimous vote of the Grand Lodge.

There was judgment for plaintiff in the sum of $1,500, and defendant appeals.

Opinion.

[1] As was said by us in the former case of this plaintiff against defendant, seeking a mandamus to compel the cancellation of the same suspension, Act March 6, 1869, No. 71, incorporating the colored Grand Lodge of Masons, authorized that order to enact such rules and regulations as were consistent therewith and not otherwise prohibited by law; and it has provided a method and machinery for the trial of practically all differences among its members within the order. We held there that, until the remedies within the order had been exhausted, the courts would not entertain the complaint of one claiming to have been injured. Braden v. Lewis, 148 La. 920, 88 South. 117.

At the time of filing this suit, as well as at the trial, plaintiff was prosecuting his suit to compel the removal of the suspension, and therefore asserting his right to membership in the lodge. He had, therefore, not withdrawn from the order and sought damages, as he might have done, provided the action of the Grand Master was unlawful. Hence he was seeking to hold with one hand so much of its privileges as suited his purpose; while with the other he was attacking and seeking to break through the restraints which that same order put upon his fraternal rights; i. e., of first submitting his grievances to its constituted authority, and by which he agreed to be bound when becoming a member.

[2, 3] We think that he might have abandoned or withdrawn from the order and at once sued for damages, and that the courts could have inquired into the validity of the acts complained of; but, when plaintiff was still insisting that he was a member of the order, he had no standing to sue for damages until he had exhausted the remedies provided by it. It might happen that the appellate tribunal of the order would find that the facts justified the suspension; and, if the

officer had the power to suspend, and the appellate tribunal were lawfully constituted and exercised its jurisdiction with due regard to the forms and procedure provided, with notice to and hearing to plaintiff, the courts would not review its finding on the facts. Niblick on Benefit Societies, p. 109, § 53. See, also, Blumenfeldt v. Korschuck, 43 Ill. App. 434; 5 C. J. p. 1357.

We express no opinion as to the action of the lodge in expelling Braden, merely holding that, while claiming to be a member, he could not sue for damages until his remedies within the order had been exhausted.

For the reasons assigned, the judgment appealed from is annulled and set aside, and plaintiff's demands dismissed as in case of nonsuit.

O'NIELL, J., concurs in the result.