(100 South. 733)

No. 24236.

### NYLAND v. UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL NO. 1960.

(Feb. 18, 1924. Rehearing Denied by Division A May 12, 1924.)

*(Syllabus by Editorial Staff.)*

**Trade unions  9—Petition against labor union held insufficient for failing to aver exhaustion of remedies and processes of order.**

Petition against a labor union by a member seeking a receivership and money judgment for fine wrongfully collected and damages for suspension *held* insufficient to state a cause of action because it failed to allege that controversy between him and the union had been finally decided and that the remedies and processes of order were exhausted.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by John Nyland against the United Brotherhood of Carpenters and Joiners of America, Local No. 1960. From a judgment of dismissal, plaintiff appeals. Affirmed.

Paul W. Maloney, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Alleging that he was a member in good standing of defendant union, plaintiff prayed that it be placed in the hands of a receiver, because of mismanagement of its affairs, and for a moneyed judgment in

the sum of $15, claimed to have been collected from him as an alleged illegal fine, and for the further sum of $165, as damages caused by his having been deprived of work during an alleged wrongful suspension.

A rule nisi was issued by the court below, directing defendant to show cause at a fixed time why a receiver should not be appointed. On the day fixed, defendant appeared and pleaded: First, prematurity, in that the processes of the order for dealing with the controversy had not been exhausted, because it had prosecuted an appeal to the executive board from the adverse decision of the general president; second, in the alternative, that plaintiff had mistaken his remedy; and third, further, alternatively, that the petition disclose no cause of action. Answer was then made in the return specifically to the allegations of the petition. Attached to the answer was a copy of the petition for appeal to the general executive board.

There was judgment below sustaining "said exceptions," dismissing the suit, and plaintiff appealed.

### Opinion.

Petitioner alleges, in substance: That the officers of the local union are mismanaging its affairs by refusing to carry out the "orders and decrees of the national officers" directing the refunding to him of a fine of $15 paid under protest; and that the "local has been threatened by the national organization with a disruption of its membership, which will leave the assets of the association (alleged to amount to $2,500), in which petitioner has an undivided interest, in jeopardy, and will cause serious loss and damage to petitioner." That during his suspension he was deprived of work, "which caused him a loss of $165, and the officers of said association have refused to pay him the amount of said claim and are going around to the employers, with whom your petitioner is seek-

ing work, with a view of preventing him from earning a livelihood." He prayed for the appointment of a receiver, and for judgment in the sum of $180.

Reduced to its final analysis, plaintiff's petition recites that he has had a controversy with the defendant, of which he alleges he is a member in good standing, the exact nature of which is not disclosed, and that it is threatened with disruption because of the refusal to refund him $15 alleged to have been wrongfully collected as a fine; and that he was occasioned a loss of $165 by the suspension, which defendant refused to pay; and that the officers of the local union are going around to employers "with a view of preventing him from earning a livelihood." Nowhere is it alleged that the controversy has been finally decided in his favor and the remedies and processes of the order exhausted.

Nothing seems to be better settled than that a member of a voluntary organization of this kind must first exhaust its processes, to which he has agreed to submit when becoming a member, before he can appeal to the courts. Braden v. Lewis, 149 La. 837, 90 South. 214. And it is necessary, in order to state a cause for relief that he should allege that course, as well as the finality of its results.

The claim for a money judgment is necessarily linked with and grows out of the alleged official action of defendant, and it cannot be said to be due until final decision of the appellate bodies of the order. Non constat, but that they might sustain the ruling of defendant; and such a decision would not be subject to review by the courts until it became final.

Otherwise, the petition does not state a serious ground for a receivership; the allegations being mainly general conclusions of the pleader, without a sufficient assertion of facts upon which to base them.

' For the reason assigned, the judgment appealed from is affirmed with costs.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.