KAISER v. UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

----

(February 27, 1928. Opinion and Decree.)

----

(Syllabus by the Court)

1. Louisiana Digest—Trade Unions—Par. 2, 3.

The procedure for settling a controversy between the widow of a deceased member and a national labor brother-hood, as prescribed by the charter, must be followed, unless it be shown that such requirements are unreasonable or that further effort to apply prescribed remedy would be useless.

Appeal from First City Court.   Hon. Wm. V. Seeber, Judge.

Action by Mrs. Elizabeth Kaiser, widow of William Layrisson, against United Brotherhood of Carpenters and Joiners of America.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Elias Bowsky, of New Orleans, attorney for plaintiff, appellee.

E. M. Stafford and Daniel Wendling, of New Orleans, attorneys for defendant, appellant.

JONES, J.   This is a suit by Mrs. William Layrisson (widow) to collect a funeral donation of three hundred ($300.00) dollars from defendant, United Brotherhood of Carpenters and Joiners of America, under Sec. 48 of its Constitution and By-Laws, which reads as follows:

"On the death of a member in good standing, his wife or legal heirs as named on his application, shall be entitled to the member's funeral donation as prescribed in the Constitution and By-Laws of the United Brotherhood."

After alleging the death, membership of her deceased husband in the Piledrivers Union here, which entitled him to beneficiary membership in defendant brotherhood, plaintiff avers that in making application for membership in said Piledrivers Union, he designated your petitioner, his wife, as the person entitled to the Members' Funeral Donation, etc.

The answer denied that she was designated to receive the funeral donation sued

for and alleged that it was paid by defendant to the rightful claimants, to-wit: the minor children of deceased, Lucille and Michael Layrisson, through their tutor, Joseph Layrisson, who qualified as such, in proceedings No. 151,408 of the docket of the Civil District Court, In Re Tutorship Proceedings Lucille and Michael Layrisson.

Further answering defendant avers as follows: If plaintiff was designated as the person entitled to funeral donation under the constitution and by-laws of appellant, it is provided that:

"All death claims must be filed with the General Treasurer within six months from the date of death."

And that:

"If the claim is disapproved by the General Treasurer, the party or parties shall have the right to appeal to the General Executive Board any time within six months from the date of disapproval, and, if still dissatisfied, shall have the right to appeal any time within two years from the date of decision by the G. E. B., to the next General Convention."

That plaintiff failed to comply with these by-laws, rules and regulations, and therefore her claim is barred; because plaintiff in joining said organization agreed to be bound by said Constitution and By-Laws.

There was judgment for plaintiff as prayed for and defendant has appealed.

The evidence shows Layrisson met his death on February 26th, 1924; this suit was filed by Mrs. Layrisson June 13th, 1927, (more than three years after his death) as beneficiary; at the time he was killed, and for more than two years before she had left her husband and had been sued by him for a divorce on statutory charges; that no death claim had been filed by her with general treasurer and no steps had been taken to collect this donation from the general fund; she had only spoken to Wm. Ruth, financial secretary (local representative of defendant, the parent organization), and Pat McGill, president of the local Piledrivers Union, and both of these men had said, "everything would come out alright", referring to a local funeral benefit; that the fund herein sued for had been paid to the two children of the deceased by his first wife through their tutor, as alleged in the answer.

In Brade vs. Louis, 148 La. 923, 88 So. 117, our Supreme Court said:

"It would seem from the statute thus quoted, and the constitution and by-laws adopted pursuant thereto, that the power of the Grand Lodge over subordinate lodges and the individuals who compose them is supreme, and it follows, logically, that anyone who becomes a member f the craft voluntarily subjects himself to the jurisdiction and processes therein provided, for the determination of his fraternal rights, and is bound thereby, if the methods which the order has provided are followed, without discrimination, after proper and timely hearing. In other words, the parties themselves have agreed, in advance, upon a tribunal for the adjudication of all disputes, and it is to that source that they must first look for relief.

"Hence the action of that officer in the present case was bound to come before the Grand Lodge at its next regular meeting, and until the Lodge had acted the remedies within the order had not been exhausted, and the plaintiff had not put himself in a position to appeal to the courts. Local Union 76, etc., vs. United Carpenters and Joiners of America et al., 143 La. 901, 79 So. 532; 25 R. C. L. 16; Independent Order of Sons and Daughters of Jacob of America vs. Wilkes, 98 Miss. 179, 53 So. 493, 52 L. R. A. (N. S.) 817."

It was incumbent on plaintiff to show that she had exhausted the remedy given by the said Constitution and By-Laws, but the evidence shows that she did not so exhaust her remedy.

To refute this conclusion, which is a ratification of the well-recognized rule, adopted and applied by all the courts of this country, that the remedial procedure of the specially constituted authority must first be followed by members, before the aid of another tribunal may be sought, plaintiff quotes the decision of this court in Morrison vs. Grand Lodge, Tessier Digest, Orleans Appeal 78.

In this case the prescribed procedure was held unreasonable, because the final authority (to which appeal was allowed, was a migratory body, meeting only at long intervals in distant places) had already passed on that issue and further effort to exhaust the constitutional remedies was considered useless.

This decision is not applicable here, because the Supreme Court in Local Union 76 et als. vs. United Carpenters and Joiners of America et als., 143 La. 901, 79 So. 532, where the same defendant and the same charter were involved, has maintained its requirements.

It is true that the plaintiff in this case was a local union and the article of the charter involved was not the same as the article involved here, but these differences do not suffice to change the principle applied.

For above reasons the judgment is reversed and it is now ordered that this suit be dismissed at plaintiff's cost.