STATE EX REL. BREAUX v. LONG-SHOREMEN'S PROTECTIVE UNION BENEVOLENT ASSN. LOCAL No. 231

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

J. J. Conners, of New Orleans, attorney for plaintiffs, appellees.

L. H. Gosserand, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Relators, alleging themselves to be members of the Longshoremen's Protective Union Benevolent Association, Local No. 231, I. L. A., ask for alternative writs of mandamus against the said organization· and the officers thereof, to compel the issuance to relators of membership cards or certificates upon payment of dues.

Defendants contend that under the constitution of the organization relators ceased to be members thereof when they allowed the time limit fixed in the constitution for the payment of dues to pass without such payments and that, in order to again become members, they must present themselves before the general membership, just as though they had never been ·members.

Defendants, by exception of no cause of action, contend that the petition of relators shows on its face that the tender of dues made by them, was not made until after the time fixed in the constitution, and, that, therefore, this exception should have been sustained and the suit dismissed without a trial on the merits.

The constitution of the organization was not offered in evidence and we are, there-·fore, unable to determine whether the tender of dues, according to the allegations of the petition, was made in accordance with the provisions of and within the time fixed by the constitution. We believe, however, that there is a prima facie presumption in such a situation that the officers of the corporation were acting in accordance with the provisions of their internal rules and regulations, and that, as a result of such presumption, the burden of alleging and proving such facts as would overcome it was upon relators.

Likewise, if relators object to any of the provisions of the Constitution as being unreasonable, or if they are of the opinion that the provisions of the constitution, though not unreasonable in themselves, are unreasonable as interpreted by the officers, the burden of showing this would be on them, as it is a well-known principle of law that courts are reluctant to interfere with the internal rules and regulations of private corporations, particularly benevolent or fraternal associations and will only do so upon proper showing of unreasonable rules or unfair interpretation thereof.

Kaiser vs. United ·Brotherhood of Carpenters and Joiners of America, 7 La. 548.
Braden vs. Lewis, 148 La. 923, 88 So. 117.
Russell vs. Ice Co., 118 La. 446, 43 So. 44.
Dreifus vs. Colonial Bank, 123 La. 61, 48 So. 649.

However, when the exception filed by defendants was overruled, the case came on for trial on its merits and relators, and each of them, without any objection by defendants, and without any reservation by defendants of their rights under the exception, introduced evidence to show that each of them had made tender of his dues before the expiration of the time limit. To this extent the proof undoubtedly enlarged the pleadings and would have been inadmissible had proper and timely objection thereto been made.

Such proof raised for determination an issue of fact, i. e., was tender made within the time limit? The trial court heard all the witnesses and decided this question

of fact in favor of relators. A reading of the evidence convinces us that there is no manifest error in his finding in this regard.

Defendants further contend that such proof as there is does not show that tender was made in cash as, it is alleged, the constitution requires, but that each of the relators claimed that the association owed him a certain amount of money, and that he had instructed the association to deduct his dues from this amount. It is thus argued that, even conceding that such instructions were given, and that such amounts were due, this did not constitute payment in cash, or tender in cash, as it is alleged the constitution requires.

We cannot say what is the constitutional requirement in this regard, because, as we have already stated, the constitution is not before us, but it seems to us that if such amounts were due and if, in each case, the amount owed by the association to the individual exceeded the membership dues owed by him, it would be a most unreasonable proceeding to dismiss from membership for non-payment of dues, one, to whom the same association owed an amount exceeding those same dues.

However, we find that in each case, evidence was introduced tending to show that when the offer to offset was refused, a timely tender in cash was made. Here again we find that the trial court believed this evidence and we cannot say that his conclusion was manifestly wrong.

For these reasons, we are of the opinion that the defendants should permit relators to pay their dues and that membership cards should be issued to them upon such payments being made.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of defendants.