STATE EX REL. SHILOH v. QUEEN OF THE SOUTH LODGE No. 18, INDEPENDENT ORDER GOOD SAMARITANS AND DAUGHTERS OF SAMARIA, ETC.

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

E. S. Spiro, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Relator sued out a writ of mandamus against defendant to reinstate him in the lodge as a member in good standing. The defendant, the lodge of which relator was a member, denied that he was entitled to such a writ. There was judgment in favor of relator making the alternative writ of mandamus peremptory commanding the defendant lodge to reinstate relator upon the payment of a fine of $2 and the payment of all accumulated dues, relator to pay the cost of court. From this judgment relator has appealed.

The record shows that relator, at a regular meeting of the defendant lodge held on June 11, 1927, attempted to gain recognition from the Chief, who was the presiding officer of the meeting, and that the Chief ruled that relator was out of order, as he had previously recognized another member; whereupon relator insisted upon being recognized, and, in accordance with the by-laws, after he refused to be seated, the Chief fined him $.50. Relator still persisted on standing and to be recognized, and was again fined $.50, and, when he still persisted in standing and to be recognized and interfering with the orderly procedure of the meeting, he was again fined a $1.

The testimony is conflicting as to just what relator said or did at the time but we are satisfied that he refused to abide by the ruling of the Chief and created a disturbance in the lodge, and, under the constitution and by-laws, the Chief, as presiding officer of the meeting, was within his rights in fining him. Thereafter relator tendered his dues, but did not tender the fine, and the treasurer refused to receive his dues, and he was suspended for nonpayment of dues and the fine. He then filed the present suit to be reinstated.

Judgment in the lower court made the writ of mandamus peremptory upon the condition that relator would pay the fine, the accrued dues, and assessed the costs of court against him. This was done on the theory that the relator was entitled to a writ of mandamus upon the payment of the fine and the accrued dues. It is therefore apparent that the judgment is not unqualifiedly in favor of relator. The defendant was ready and willing to reinstate relator upon the payment of the dues for which he was in arrears and the fine which was assessed against him, and therefore it was unnecessary for him to have filed the suit under the circumstances.

"It is a well-known principle of law that courts are reluctant to interfere with the internal rules and regulations of private corporations, particularly benevolent or fraternal associations, and will only do so upon proper showing of unreasonable rules or unfair interpretation thereof." State ex rel. Gustave Breaux vs. Longshoremen's Protective Association, Local No. 231, 11 La. App. 43, 123 So. 344, 345.

We, therefore, feel that the judgment of the lower court is correct. In any event this court would have the right to assess the costs of court against relator under the provisions of Act No. 229 of 1910, amending article 908 of the Code of Practice, as we feel that relator should be required to pay them.

For the reasons assigned, the judgment appealed from is affirmed.