## CROWDEN v. DIEU NOUS PROTEGE BENEV. MUT. AID ASS'N.*

### No. 14141.

Court of Appeal of Louisiana. Orleans.

March 13, 1933.

Joseph A. Casse and Loys Charbonnet, both of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

JANVIER, Judge.

This matter is before us on appeal from a judgment dismissing, on exception of no cause of action, plaintiff's suit in which he seeks to recover the salary he alleges he would have earned had he not been moved from office as chairman of the relief committee of defendant fraternal and benevolent association, and in which he also asks for a further sum to compensate him for the injury done to his reputation by the alleged illegal removal.

The petition charges that plaintiff, while a member in good standing, and while chairman of the relief committee of defendant as-

*Rehearing denied April 10, 1933. Writ of certiorari denied by Supreme Court May 1, 1933.

sociation, lost or misplaced certain checks of the association, which checks it was his duty to deliver to the members to whom they were made payable, and that at a meeting of the association, on motion, duly carried, he was censured for his said carelessness, and that at the said meeting it was decided that no further action against him should be taken.

He asserts that in spite of this action the president and the recording secretary, after the said meeting, sent him a letter removing him from office and directing that he surrender all books and papers in his possession. The petition then alleges that under protest he complied with the said demand and then, at once, prepared a written protest and requested reinstatement as chairman of the said relief committee. He next charges that he appeared at the next meeting, but that at that meeting the president ordered the reading of his protest postponed and thereupon suggested the selection of a chairman of the relief committee; that the new chairman was selected, and that thereafter the president stated that the protest might be read, but that after the protest was read the president announced that nothing could be done about the matter since the position had already been filled.

Plaintiff charges that when he was selected for the said position it was understood that he was to receive a salary of $7 per month for one year, and that not only is he entitled to the salary for the unexpired portion of the year, but that he has been further damaged to the extent of $1,500, because of the humiliation which he has suffered and because of the injury his reputation has sustained.

The exception is based on the assertion that plaintiff's petition does not allege that he has exhausted his remedies within the order, it being contended that in such case an aggrieved member, before he may apply to the courts for redress, must first follow the course mapped out by the charter, rules, and by-laws of the association. It is also maintained that since plaintiff alleges that he is still a member of the association he cannot assert his claim against it in court, but must first withdraw from the order.

The second contention presented by the exception, viz., that a member cannot, unless he withdraws from the order, obtain redress in court, cannot be sustained. In support of that view two cases are cited. Braden v. Lewis, 149 La. 837, 838, 90 So. 214, 215, and Nyland v. United Brotherhood of Carpenters, etc., 156 La. 604, 100 So. 733, 734.

Those cases rather sustain plaintiff's position because both hold that an aggrieved member may, in certain cases, appeal to the courts provided he first exhausts his remedies and processes within the association. For instance, in Nyland v. United Brotherhood, etc., we find that:

"Nothing seems to be better settled than that a member of a voluntary organization of this kind must first exhaust its processes, to which he has agreed to submit when becoming a member, before he can appeal to the courts. Braden v. Lewis, 149 La. 837, 90 So. 214. And it is necessary, in order to state a cause for relief that he should allege that course, as well as the finality of its results."

In Braden v. Lewis, supra, it is stated that: " * * * when plaintiff was still insisting that he was a member of the order, he had no standing to sue for damages until he had exhausted the remedies provided by it."

So that the right to appeal to the courts depends, not upon withdrawal from the order, but upon first exhausting the remedies and processes afforded by the order.

It is true that the petition does not allege that all the remedies and processes afforded by the order have been exhausted, but it does set forth in detail just what actions within the order plaintiff took before filing his suit, and an examination of the constitution, charter, and by-laws discloses the fact that in none of them is there set forth any right to further appeal or protest. So that the petition does, in effect, allege a complete compliance with all requirements set forth by the order itself for those who feel aggrieved and seek redress.

Nor do we think that the question involved is merely one concerning "the internal policy of the association."

If plaintiff's allegations are true, he was entitled for one year to a salary of $7 per month and he could not be removed from the position which entitled him to the salary, except after a written complaint and formal trial, for it is so stated in the articles by which the association was organized and is governed. According to his petition, he received neither written notice nor formal trial.

It is true that in the internal workings of religious or fraternal organizations courts will not interfere unless civil rights are affected. State ex rel. E. R. Johnson et al. v. Tulane Avenue Baptist Church (La. App.) 144 So. 639. But it is equally true that where civil rights are concerned the courts will not stand by and permit wrongs to be perpetrated upon persons by fraternal organizations just because those persons happen to be members of such associations.

If plaintiff, by a preponderance of evidence, can sustain the allegations of his petition, and if he can show, as we feel he has alleged, that within the association there is available no further process, and if he can show that he has been deprived of his civil rights because he has been denied proper trial

as provided by the association's rules, then he should be permitted to recover the salary which he would have earned had he been permitted to retain the office for which he was chosen and the matter must, therefore, be remanded and plaintiff be given opportunity to adduce such proof.

The judgment appealed from is annulled, avoided, and reversed, and the matter is remanded to the civil district court for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.