[CONSTITUTIONAL LAW. CONSTRUCTION OF STATUTE.]

MONTGOMERY, Plaintiff in Error, *against* HERNANDEZ and Others, Defendants in Error.

Under the 25th section of the Judiciary Act of 1789, ch. 20., this Court has no appellate jurisdiction from the final judgment of the highest Court of a State, in a suit where is drawn in question the construction of a statute of, or a commission held under the United States, unless some title, right, privilege, or exemption, under such statute, &c. be specially set up by the party, and the decision be *against the claim* so made by him.

Where a suit was brought in a State Court upon a marshal's bond, under the act of April 10th, 1806, ch. 21., by a person injured by a breach of the condition of the bond, and the defendants set up as a defence to the action that the suit ought to have been brought in the name of the United States, and the Court decided that it was well brought by the party injured in his own name : *Held*, that the exemption here set up being merely as to the form of the action, and no question arising as to the legal liability of the defendants under the act of Congress, this Court had no authority to re-examine the judgment, so far as respected the construction of that part of the act, which provides, that suits on marshals' bonds "shall be commenced and prosecuted within six years after the said right of action shall have accrued, and not afterwards."

Under the 4th section of the same act, although the condition of the marshal's bond is broken by his neglecting to bring money into

1827.

Montgomery
v.
Hernandez.

Court, directed to be so brought in, or to pay it over to the party, yet, if the proceedings be suspended by appeal, so that the party injured has no right to demand the money, or to sue for the recovery of it, his right of action has not accrued, so as to bar it, if not commenced within six years.

*Feb. 24th.*     THIS cause was argued by Mr. *D. B. Ogden* for the plaintiff in error, and by Mr. *Key* for the defendants in error.[a]

*Feb. 28th.*     Mr. Justice TRIMBLE delivered the opinion of the Court.

This case is brought up by writ of error from the highest Court of law of the State of Louisiana.

The case is, that the defendants in error instituted a suit, in their own names, in the District Court of the State for the first judicial district, upon the bond given by Michael Reynolds to the United States, as marshal of the district of Louisiana, conditioned to be void upon his " well and faithfully executing the duties of his said office;" and the plaintiff in error having executed the bond, as one of the marshal's sureties, and the marshal having since died, the suit was brought against the plaintiff in error, and the said Reynolds' personal representative.

The breach of the condition of the bond alleged, is, that by the order of the District Court of the United States, for the district of Louisiana, in a suit in Admiralty, wherein the defendants in error were libellants against the schooner Estrella and her cargo, the vessel and cargo were directed, by the Court, to be sold by the marshal, and the proceeds of the sale held by the marshal, subject to the order of the Court; that the marshal, in pursuance of that order, sold the vessel and cargo, and received the money ; that the Court of Admiralty, by its final decree in the cause, directed the vessel and cargo, or the proceeds thereof, to be restored to the libellants; and that the marshal had failed to pay over to the libellants, 3,126 dollars, part of the proceeds, as was his duty, under the final order and decree of the Court.   The suit having been commenced and prosecuted, by petition, according to the practice of the civil

a He cited *Pothier des Obligations*, No. 645.   *De Prescription*, No. 22, 23.   3 *Cranch*, 91. 92.

law which prevails in Louisiana, the respondent, Montgo-
mery, put in his answer, admitting the execution of the bond,
but insisting, that as the bond was executed to the United
States, and the defendants in error no parties to it, they had
no right or interest in the bond, and could not sue for a
breach of the condition thereof; and denying the breaches
alleged in the petition. By a supplemental answer, in the
nature of a plea of the act of limitations, Montgomery al
leged, if any breach had taken place, that more than six
years had intervened since the cause of action, before the
institution of the suit.

The record states, that the jury sworn in the cause, after
hearing testimony, and receiving a charge from the Court,
returned a verdict for the defendants in error, for the sum
of 3,126 dollars; for which sum judgment was rendered
upon the verdict in their favour. From this judgment
Montgomery appealed to the Supreme Court of the State,
where the judgment of the District Court was affirmed;
and this judgment is sought to be reversed in this Court upon
the present writ of error.

On the trial of the cause in the District Court, Montgo-
mery objected to the admission, as testimony, to the jury,
certain documents, purporting to be accounts of the mar-
shal's sales of the Estrella and cargo; and, his objections
being overruled, he excepted to the opinion of the Court,
admitting the papers offered; and his exception was sealed,
and made part of the record.

The appellate jurisdiction of this Court, in cases decided
in the State Courts, is very special and limited in its charac-
ter. By the 25th section of the judiciary act, made in pur-
suance of the constitution, it is provided, " That a final
judgment or decree, in any suit in the highest Court of law
or equity of a State, in which a decision in the suit could be
had, where is drawn in question the validity of a treaty or
statute of, or an authority exercised under, the United
States, and the decision is against their validity; or where
is drawn in question the validity of a statute of, or an au-
thority exercised under, any State, on the ground of their
being repugnant to the constitution, treaties, or laws of
the United States, and the decision is in favour of such

1827.

Montgomery
v.
Hernandez.

validity; or where is drawn in question the construction of any clause of the constitution, or of a treaty, or statute of, or commission held under, the United States; and the decision is against the title, right, privilege, or exemption, specially set up by either party, under such clause of the constitution, treaty, statute, or commission, may be re-examined, and reversed or affirmed, by the Suprem~ Court of the United States."

*Extent of the appellate jurisdiction of this Court under the 25th section of the Judiciary Act of 1789, ch. 20.* Under these provisions, we have no authority to re-examine the whole case. We can re-examine so much, and such parts of it only, as come within some one or other of the classes of questions enumerated in the act of Congress, and so much of the case as must necessarily be decided to arrive at such question.

It has been insisted for the plaintiff in error, that the question raised upon the record, whether Hernandez, not being a party to the marshal's bond given to the United States, could maintain a suit upon it in his own name only, without suing in the name of the United States, for his use, is a question which can be re-examined in this Court. We are not of that opinion. It is not every misconstruction of an act of Congress by a State Court, that will give this Court appellate jurisdiction. It is where the party claims some title, right, privilege, or exemption, under an act of Congress; and the decision is *against* such right, title, privilege, or exemption.

In this case the plaintiff in error did not, and could not, claim any right, title, privilege, or exemption, by, or under the marshal's bond, or any act of Congress giving authority to sue the obligors for a breach of the condition; or, at most, his claim to exemption rests upon form, and not substance, as the law expressly charges him, and the objection is only that the name of the United States should have been inserted for the use of the plaintiff.

However we might be inclined to the opinion that, regularly, and in point of form, the suit should have been in the name of the United States, for the use of Hernandez, we have no jurisdiction or authority to re-examine, and either reverse or affirm the decision of the State Court on that ground.

The only part of the case over which we can rightfully exercise appellate jurisdiction, is that raised by the supplemental answer, pleading the prescription or bar of six years; in which the party claims an exemption under the laws of the United States, from liability as surety of the marshal; the decision in the State Court being against the exemption so specially set up by him.

The act of Congress passed in 1806, relating to bonds given by marshals, enacts, " that all suits on marshals' bonds, if the cause of action has already accrued, shall be commenced and prosecuted within three years after the passage of this act, and not afterwards; and all such suits, in case the right of action shall accrue hereafter;. shall be commenced and prosecuted within six years after the said right of action shall have accrued, and not afterwards," &c. (*Ingersol's Dig*. 402.)

It is obvious, that whether this act of Congress exempts the plaintiff in and from responsibility or not, must depend upon the time when the right of action accrued to Hermandez & Co. for any injury sustained by reason of the marshal's failure to perform his duty. It was the duty of the marshal, under the order of the Court of Admiralty, directing him to sell the Estrella and cargo, and hold the proceeds subject to the future order of the Court, to bring the money into Court as soon as received by him, in order that it might be deposited in the Branch Bank of the United States. The order of the Court directing the marshal to hold the proceeds until the further order of the Court, can only be construed to mean, that he should hold them in the manner prescribed by law. The law directs the money to be deposited in the name of, and to the credit of the Court; and provides, that the money so deposited shall not be drawn out of bank without the order of the Court. The object of the law was to prevent the officers of the Court from holding money, in such cases, in their own hands, and converting it to their own use. It was only a partial execution of the precept of the Court to sell the vessel and cargo; its mandate was not faithfully performed until the proceeds were brought into Court by him, in order to be deposited according to law, or until he paid it over to Hermandez, as

directed by the final decree and order of Court. The marshal's failure to bring in the money, or pay it over to Hernandez & Co. was a violation of his duty, and a breach of the condition of his bond.

The Supreme Court of the State decided, that although the breach of the condition of the bond took place more than six years before the institution of this suit, yet the plaintiff's right of action did not accrue until within the six years; and that, consequently, the act of limitations constituted no bar to the action. This Court perfectly accords in opinion with the Supreme Court of the State.

If it be true, that the condition of the bond was broken at the time the marshal failed to bring the money into Court to be deposited in the bank, or pay it over to Hermandez & Co.; and if it be true that the breach of the condition of the bond was to the injury of Hernandez & Co.; yet, it is not true, that Hernandez & Co. had, at that time, any right of action. The record of the proceedings in the Court of Admiralty shows that the Estrella and cargo were sold, and the proceeds received by the marshal; and that the suit was finally decided in the District Court, on the        day of        , 1817; by which final decree the proceeds were ordered to be paid over to Hermandez & Co.

An appeal was presented from that decree in this Court; where it was affirmed at the February term in the year 1819, within less than six years before the institution of this suit.

It is perfectly clear that Hernandez & Co. had no right to demand of the marshal the proceeds of the sales, or to sue for the recovery thereof, until after the affirmance in this Court. The right of action was suspended, during the pendency of the appeal in this Court; and during such suspension, the statute of limitations did not run against him.

We are, therefore, of opinion, that the Supreme Court of Louisiana have misconstrued neither the act of Congress limiting actions upon marshals' bonds to six years from the time the right of action accrues, nor any other act of Congress, to the prejudice of the plaintiff in error.

Judgment affirmed, with costs and six per cent. damages.