### No. 2038.
### Second Circuit Appeal.

---

## MRS. ALBERTA L. MOORE v. BUNKIE HOUSEHOLD OF RUTH No. 2154.

---

(January 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Associations—Par. 14, 16.**
   One expelled from a fraternal order must exhaust her remedy within the order before bringing her case into court. Merely to take an appeal within the order is not to exhaust one's remedy. The appeal should be prosecuted.

(Civil Code, Art. 2315.   Editor's note.)

Appeal from the Fourth Judicial District Court, Parish of Avoyelles, Hon. S. Allen Bordelon, Judge.

This is a suit for reinstatement to membership in a fraternal order and for damages for expulsion.

There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

Wade Normand, of Marksville, attorney for plaintiff and appellant.

W. E. Couvillon, of Marksville, attorney for defendant and appellee.

ODOM, J.   Plaintiff alleges that she was a member of the Bunkie Household of Ruth No. 2154, a fraternal organization; that another member of that organization filed charges against her, without just provocation, and that on May 7, 1921, she was expelled from the order, and that "feeling aggrieved at the action of the Bunkie Household of Ruth No. 2154, she then appealed to the District Grand Household of Ruth No. 26 at Monroe, La., and the case was remanded on account of the insufficiency of the evidence. That subsequently, in due time, your petitioner appealed to the Household of Ruth at Philadelphia, Pa., the parent order, and no action has ever been taken".

She further alleges that the action of the defendant organization was "malicious, vindictive and unwarranted, and was intended to harass, vex, annoy and cause damage to petitioner's reputation, character and social standing in the community in which she lived".

She prays for damages in the sum of $600.00 and "that she be reinstated to membership" in said organization.

Defendant tendered an exception of no cause and no right of action, which was sustained by the lower court, the suit was dismissed and plaintiff has appealed.

The exception of no cause and no right of action is based upon the proposition that plaintiff's petition does not show that she has exhausted her remedy for relief within the organization to which she belonged and from which she was expelled.

It will be noted that plaintiff alleges that she appealed from the action of the lower lodge in expelling her to the Grand Lodge at Monroe and that the Grand Lodge remanded the case on account of the "insufficiency of the evidence", and that subsequently, she does not say how long, but "in due time", she appealed to the "Household of Ruth in America in Philadelphia,

Pa., and that no action has ever been taken on said appeal".

In the case of Baff vs. Trevelyan et al., 122 La. 174, 47 South. 455, et seq., the court said:

"The weight of authority, however sustained to propositions that an expelled member of a Fraternal Order, a Mutual Benefit Association, an incorporated labor union, an unincorporated club, etc., must exhaust his remedy (provided it appears to be reasonably sufficient) within such organization, including the exercise of the right of appeal before he can be heard in the courts."

And in Corpus Juris, Vol. 5, page 1359, the law is stated thus:

"Before applying to a court of equity for reinstatement, a disfranchised member must, as a rule, exhaust all remedies available to him under the laws of the association. But this rule does not apply where the association, in suspending or expelling a member, acted entirely without jurisdiction, it has been held, or where the remedy provided by the laws of the society is not available to the member, or there is an extremely remote possibility of its proving effective, and the rule is, of course, inapplicable where no remedy is afforded by the laws of the association."

In the absence of an allegation to the contrary, and in view of the fact that when plaintiff was expelled from the order, she subjected herself to the jurisdiction of the Lodge by taking an appeal to the higher, parent organization, we must assume that she considered her remedy within that organization was "reasonably sufficient", and that the Lodge did not act entirely without jurisdiction in expelling her, and while there is no allegation as to what the laws of the order on the subject are, it is evident that plaintiff understood that there were laws on the subject and that these laws were available to her and that there was a probability that the remedy afforded by the laws of the order would prove effective in her case, because she alleged that she appealed.

We are therefore of the opinion that the general rule laid down by our court in the Baff case cited supra and as stated in Corpus Juris, is applicable in the case at bar.

Therefore, the only question for us to determine is whether the petition shows that plaintiff exhausted her remedy within the organization before resorting to the court.

We do not think it does.

Plaintiff alleges that the Grand Lodge "remanded" the case on account of the insufficiency of the evidence. Just what it means for the Grand Lodge of the Household of Ruth to "remand" a case on account of the insufficiency of the evidence, we are not informed, but it seems to us that it can mean nothing other than that the Grand Lodge failed to sustain the action of the Local Lodge in expelling the plaintiff on the ground that the proof of the charge was not sufficient, and that in a sense the action of the Grand Lodge was a reversal of the action of the Local Lodge. If this view be correct, then plaintiff is still a member, in good standing, of the Local Lodge. There is no allegation that the case was "remanded" with instructions, but we are informed that the testimony was insufficient.

But whatever view may be taken of the matter, according to the allegations of the petition, the case was sent back to the Local Lodge, and there is no allegation that plaintiff ever requested her Lodge to take any further action in the premises. If she considered that the case was remanded for the taking of more evidence, she should have demanded that the Lodge take final action. She does not inform the court that she did that.

But she alleges that she appealed her case to the parent Lodge at Philadelphia and that no action has ever been taken. She does not inform the court how long it has been since she lodged the appeal at Philadelphia. There is nothing in the

pleadings to indicate that the lodge at Philadelphia has had sufficient time in which to pass upon the case. She does not allege that she has done all she can to have action taken. She merely says that no action has been taken. Merely to take an appeal is not to exhaust one's remedy by appeal. The appeal should be prosecuted. It does not appear that plaintiff did this.

We are of the opinion that according to the petition, plaintiff has not done all she should have done to have her case disposed of, and that she is therefore without remedy in the courts.

The judgment of the lower court dismissing plaintiff's suit, is affirmed at appellant's cost on the ground that we consider that plaintiff's petition sets out no cause of action, reserving to plaintiff the right to renew her suit upon proper allegation.