122 So.2d 88

Thomas D. DALTON

v.

PLUMBERS AND STEAMFITTERS LOCAL UNION NO. 60, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada AFL et al.

No. 43786.

June 29, 1960.

Richard Dowling, Matthew Braniff, New Orleans, for plaintiff-appellant.

Dodd, Hirsch, Barker & Meunier, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

Thomas D. Dalton instituted this suit against the Plumbers and Steamfitters Local Union No. 60, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL, an unincorporated labor organization, and a number of its officers and committeemen to recover damages of more than $400,000. Defendants filed an exception in which they alleged, among other things, that "Although required by the Constitution and By-laws of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada and of Local 60 thereof, plaintiff has not made any attempt to pursue and exhaust his administrative remedies for any alleged relief he may think himself entitled to before resorting to litigation and therefore this action is premature", and in which they also pleaded the prescription of one year to plaintiff's cause of action. The district court sustained the plea of prescription of one year and dismissed plaintiff's suit at his costs. From this judgment he has appealed.

Plaintiff alleged that he became a member of the defendant labor organization on October 20, 1952; that as a result of false charges made against him he was wrongfully expelled from the union on September 1, 1954; that the members of the union have prevented him from working at his trade; that they have slandered and libelled him by calling him a Communist; that by the wrongful expulsion he has been deprived of certain health and death bene-

fits; that according to the constitution and bylaws of the unincorporated voluntary association he was unable to resort to the courts without first exhausting its administrative processes; that he appealed his expulsion to the General Executive Board of the labor organization, and that by letter dated January 7, 1955, his appeal was denied by that board; that he was notified of this on January 13, 1955. He instituted the present suit on December 6, 1955, within one year after his expulsion from the union had become final by the denial of his appeal. He prayed for damages for loss of reputation, mental pain and anguish, embarrassment and humiliation, loss of past and future income, deprivation of civil liberties, and loss of health and death benefits.

It is defendants' theory that this suit is a tort action, and is barred by the one-year prescription because it was filed more than a year after the defendants allegedly committed the acts of which Dalton complains.

■ It is well settled in this state that a member of a voluntary organization, such as the defendant union here, must first exhaust the processes to which he has agreed to submit before he can appeal to the courts, and that in order to state a cause for relief he shall allege that he has exhausted his administrative remedies and that the results of that course are final. Nyland v. United Brotherhood of Carpenters, etc., 156 La. 604, 100 So. 733; Braden v. Lewis, 149 La. 837, 90 So. 214; Crowden v. Dieu Nous Protege Benev. Mut. Aid Ass'n, La.App., 146 So. 710; Moore v. Bunkie Household of Ruth, 1 La.App. 459. In each of those cases the plaintiff, like the plaintiff here, had been suspended or expelled from the voluntary association and sought damages in the courts; and it was held that he had to exhaust his administrative remedies before resorting to the courts.

■ In view of this pronouncement of law, we find that the right of plaintiff in the instant case to resort to the courts arose, at the earliest, on January 7, 1955, when his appeal was denied by the union's executive board. His suit was filed on December 6, 1955.

■ We have held many times that prescription attaches to a right the moment it can be exercised but that against one unable to act no prescription runs. Hernandez v. Montgomery, 2 Mart., N.S., 422, affirmed Montgomery v. Hernandez, 12 Wheat. 129, 6 L.Ed. 575; Ayraud v. Babin's Heirs, 7 Mart., N.S., 471; Landry v. L'Eglise, 3 La. 219; Andrews v. Rhodes, 10 Rob. 52. In Hernandez v. Montgomery, supra, 2 Mart., N.S., at pages 432–433, this court said:

"* * * In the case before us, the rights of all concerned were suspended by the appeal; and no one could have com-

menced an action, until their claim was recognized by a decision of the court. The right of action then to the plaintiffs, although it accrued at the moment of the breach, could not be exercised until the decree of the appellate tribunal sustained their pretentions to the property in litigation, and therefore it was only from the date of that decree, that the prescription began to run against them. This construction of the statute is conformable to the general principles of law on this subject; Pothier states that prescription only begins to run from the time when the creditor has a right to institute his demand, because no delay can be imputed to him before that time, hence the maxim *contra non valentem agere, non currit prescriptio.* * * * Indeed the idea of a man losing his right, by not bringing an action, *which it was impossible he could bring,* involves such a contradiction in itself, and leads to such monstrous injustice, that nothing short of the most positive law could authorize any tribunal to sanction such a doctrine. Pothier, traité des obligations, 645; Ibid. traité de prescription, nos. 22 & 23; [Richards v. Maryland Ins. Co.] 8 Cranch, 84, 91 [3 L.Ed. 496]; [Morgan v. Robinson] 12 Martin, 76."

This principle, firmly established in our law from early times, is applicable in the instant case.

For the reasons assigned the judgment of the lower court sustaining the plea of prescription of one year and dismissing plaintiff's suit is reversed and set aside, and the case is remanded to the lower court for further proceedings. Costs in this court are to be paid by appellees; taxation of other costs is to await final determination of the cause.