GUIDRY, Judge.
This is an appeal from a judgment dismissing plaintiff’s action on an exception of prescription. Plaintiff filed suit against Hess Curry, Jr., d/b/a Curry Bonding Service, on September 15, 1978, seeking damages for the alleged illegal seizure and sale of immovable property owned by her. The sale of said property took place on March 12, 1975, following an executory proceeding instituted by defendant. Following the institution of the instant suit, defendant filed an exception of prescription, contending that under LSA-C.C. Article 3536 [1], plaintiff’s action for damages arising from the alleged illegal seizure and sale of her property prescribed one year after the date of the sale. The trial court sustained the exception of prescription and dismissed plaintiff’s suit. Plaintiff appealed.
In brief, appellant argues that the trial court erred in dismissing her suit under the provisions of LSA-C.C. Article 3536, for when examined as a whole, her petition reveals not simply an action for damages, but also an action to annul the order of seizure and sale issued in the prior executo-ry process suit. Consequently, she argues, the prescriptive period applicable to her action is found in LSA-C.C.P. Article 2004,[2] which gives a party one year from the date of the discovery of any ill practices employed in obtaining a judgment to bring an action to annul that judgment. In her petition, plaintiff alleges that she is not now and never was indebted to the defendant; some time prior to the institution of the executory process suit she moved out of the State of Louisiana and although Curry was fully aware of her whereabouts and in possession of her address and phone number, she was never informed verbally or in writing of the executory process suit; and, she only became aware that her property had been illegally seized and sold in the year 1978. In sum, appellant urges that the trial court erred in failing to recognize her action as essentially one to annul a judgment obtained through the use of ill practices, which would not prescribe until one year following her discovery of such ill practices. Appellee, on the other hand, urges that plaintiff’s petition asserts only an action for damages for wrongful seizure and that such action has prescribed under LSA-C.C. Article 3536.
Although we acknowledge the forcefulness of plaintiff’s argument, particularly considering that the courts of this state are no longer hamstrung by the old “theory of the case” doctrine, Demars v. Natchitoches Coca-Cola Bottling Co., 353 So.2d 433 (La. App. 3rd Cir. 1977), writ refused February *219 17,1978; Cox v. W. M. Heroman & Co., 298 So.2d 848 (La.1974), we do not reach that issue, for we conclude that in the interest of justice, this matter should be remanded to the trial court for reconsideration of the defendant’s prescriptive plea in light of LSA-C.C. Article 3537 and the maxim, “contra non valentem agere, non currit prescripto”.
LSA-C.C. Article 3537, which provides for the commencement of prescription under LSA-C.C. Article 3536, states:

“The prescription mentioned in the preceding article runs:

With respect to the merchandise injured or not delivered, from the day of the arrival of the vessel, or that on which she ought to have arrived.

And in the other cases from that on which the injurious words, disturbance or damaere were sustained.

And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof. [As amended by Acts 1902, No. 33).” (Emphasis added)

In the case of Dean v. Hercules, Incorporated, 328 So.2d 69 (La.1976), our Supreme Court reviewed the applicable jurisprudence under this article, stating:

“In the case of Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 583 (1910), in interpreting this article, this court, through Justice Provosty, stated:

‘A damage can be considered to have been sustained, within the meaning of article 3537, supra, only when it has manifested itself with sufficient certainty to be susceptible of proof in a court of justice.’

In the same case Justice Provosty continued:

‘The uncertainty which precludes the coming into existence of a cause of action for damages, and which therefore prevents prescription from beginning to run, must not be confounded with the inability of the plaintiff to procure the necessary evidence for establishing in court a cause of action

known to exist. This is illustrated by the case of Brown v. Clingman, 47 La. Ann. 25, 16 So. 564, where plaintiff knew that defendant was the incendiary who had set fire to his hotel, but could not prove it, and waited to bring his suit until he could secure the necessary evidence for making the proof, and the court sustained the prescription. If, in that case, the identity of the incendiary had been unknown, the prescription could not have run, for the bringing of the suit would have been impossible . . ..’ 51 So. 582, 583-584.

Equally applicable is the maxim, ‘Contra non valentem agere, non currit pres-cripto’. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Dalton v. Plumbers and Steamfitters Local Union No. 60, 240 La. 246, 122 So.2d 88 (1960); see Comment, The Scope of the Maxim Contra Non Valentem in Louisiana, 12 Tul.L.Rev. 244 (1938). Basically, prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his neglect. Walter v. Caffall, 192 La. 447, 188 So. 137 (1939); Bewley Furniture Co. v. Maryland Casualty Co., 271 So.2d 346 (La.App. 2d Cir. 1972), amended 285 So.2d 216 (La.1973); see Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952).” at pp. 74-75.

As aforestated, plaintiff alleges she was ignorant of the seizure and sale of her property until 1978 and that these facts were deliberately kept from her. The record before this court consists mainly of pleadings and briefs being totally void of evidence to support plaintiff’s allegation of her ignorance of the facts entitling her to bring suit, and as to whether or not such ignorance was willful on her part or the result of her own neglect. Accordingly, we conclude that this matter should be remanded to the trial court for the taking of additional evidence and a reconsideration of the prescriptive plea in light of such additional *220 evidence and consistent with the views herein expressed.
For the above and foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by appellant.
REVERSED AND REMANDED.

. LSA-C.C. Article 3536 in pertinent part provides:
“The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.”

. LSA-C.C.P. Article 2004 provides:
“A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”