WILLIAMS, Judge,
dissenting with reasons.
The panel majority holds that Jones was not obligated to arbitrate the termination of his LTD benefits because Tenneco’s obligation to pay the benefits survived Jones’ discharge and that obligation was not, of itself, subject to the arbitration agreement. I disagree. Not only was Tenneco’s right to discharge Jones subject to the “Arbitration and Grievance Procedure” of the parties’ labor contract, but Tenneco’s obligation to pay Jones’ LTD benefits was also subject to the arbitration agreement.
Jones’ right to the LTD benefits is based upon an oral agreement supplementing a written labor contract reached between Jones’ union and Tenneco. As such, the written labor agreement and its obligation to arbitrate covered Jones’ discharge and his complaint relating to the cessation of benefits. Without exhausting his administrative remedies and alleging in his petition that the results of that course were final, Jones failed to state a cause of action upon which relief can be granted by Louisiana courts. Dalton v. Plumbers and Steamfitters Local Union No. 60, 240 La. 246, 122 So.2d 88, 89 (1960).
Although there may be merit to Jones’ claim, Jones’ failure to exercise and exhaust the administrative remedies to which he had agreed to submit, precludes any judicial relief at this time. Dalton v. Plumbers and Steamfitters Local Union No. 60, 240 La. 246, 122 So.2d 88, 89 (1960); Nyland v. United Brotherhood of Carpenters, 156 La. 604, 100 So. 733 (1924); Martin v. Kansas City Southern Ry. Co., 197 F.Supp. 188 (W.D.La.1961).
Accordingly, for the reasons assigned, I respectfully dissent.