612 So.2d 964 (1993)
NATIONAL UNION FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Marcus Allen WARD, et al., Defendants-Appellees.
No. 24015-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
*965 Davenport, Files & Kelly by J. Edward Patton, II, Monroe, for plaintiff-appellant.
Boles, Boles & Ryan by Gregory Scott Moore, Herbert Hobgood, Monroe, for defendants-appellees.
Before NORRIS, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The plaintiff, National Union Fire Insurance Company, appeals from a trial court judgment sustaining the defendants' exception of prescription in this suit for reimbursement of worker's compensation benefits paid to a Tennessee employee due to the alleged negligence of a Louisiana tortfeasor. For the reasons set forth below, we affirm.

FACTS
On November 3, 1989, John Richard, a truck driver employed by Saia Motor Freight Line, Inc., and a resident of Tennessee, was involved in a motor vehicle accident near Columbia, Louisiana. The accident was allegedly caused by the negligence of the other driver, Marcus Allen Ward. At that time, the plaintiff, National Union, was the worker's compensation insurer of Saia Motor Freight Line.
Following the accident, the plaintiff paid benefits to Mr. Richard in accordance with the Tennessee worker's compensation law. On May 2, 1991, within 18 months of the date of the accident, the plaintiff filed suit in Louisiana against Marcus Allen Ward and his auto liability insurer, Automotive Casualty Insurance Company. It sought reimbursement of the more than $23,000 in worker's compensation benefits paid to Mr. Richard as a result of the accident. The plaintiff contended that under Tennessee law, Tenn.Code Ann. § 50-6-112, an insurer or employer who pays benefits is subrogated to the rights of the employee against the third party responsible for the injury. The statute sets forth a period of one year and six months from the date of the accident in which to bring suit against the third party for reimbursement.
In response to the plaintiff's suit, the defendants filed a peremptory exception of prescription, asserting the one-year prescriptive period in LSA-C.C. Art. 3492 for delictual actions. The trial court sustained the exception and dismissed the plaintiff's suit.
The plaintiff appealed.

LAW
Tenn.Code Ann. § 50-6-112 provides, in pertinent part:

*966 (d) Such action against such other person by the injured worker ... must be instituted in all cases within one (1) year from the date of injury. Failure on the part of the injured worker ... to bring such action within the one (1) year period shall operate as an assignment to the employer of any cause of action in tort which the worker ... may have against any other person for such injury or death, and such employer may enforce same in his own name or in the name of the worker ... for such employer's benefit, as such employer's interest may appear, and the employer shall have six (6) months after such assignment within which to commence such suit. Provided however, if the cause of action described in subsection (a) arises in a jurisdiction other than Tennessee and such other jurisdiction has a statute of limitations for personal injury and wrongful death greater than the one (1) year statute of limitation provided herein, the court hearing the cause of action shall apply the statute of limitation which provides the injured worker... the greatest amount of time in which to institute an action. Under no circumstances shall the negligent party described in subsection (a) benefit from this subsection (d). [Emphasis ours]
This statute was enacted to facilitate the employer's recovery against tortious third parties when the injured employee has failed to bring an action against the tortious third parties within one year of the injury. The employer is given the right, by way of subrogation, to recover from the third party damages not to exceed the amount paid, or payable, by the employer to its employee. Plough, Inc. v. Premier Pneumatics, Inc., 660 S.W.2d 495 (Tenn. Ct.App.1983).
If the employee fails to sue within one year, the right to sue is assigned to the employer for an additional period of six months. If the employer sues within 18 months of the injury, the suit is timely. Gibson v. Lockwood Products Division of J.L. Underwood, 724 S.W.2d 756 (Tenn.Ct. App.1987). The Tennessee legislature intended for the employer or worker's compensation carrier to proceed with its assigned claim within 18 months of the date the cause of action accrued. Craig v. R.R. Street & Co., Inc., 794 S.W.2d 351 (Tenn. Ct.App.1990).
Former LSA-C.C. Art. 15, which was effective at the time this suit was filed, provided, in pertinent part:
The prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state.[1]
Evidence may be introduced at the trial of an exception of prescription. See LSA-C.C.P. Art. 931; Capital Drilling Company v. Graves, 496 So.2d 487 (La. App. 1st Cir.1986). In the absence of evidence, the exception of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. State Ex Rel. Guste v. Thompson, 532 So.2d 524 (La.App. 1st Cir. 1988); Capital Drilling Company v. Graves, supra.
The burden of proving an exception of prescription is on the party asserting it. Provident Life And Accident Insurance Company v. Turner, 582 So.2d 250 (La.App. 1st Cir.1991). Prescriptive statutes are strictly construed, and where there are two permissible constructions, the one which favors maintaining the action should be adopted. Turner, supra.
When the petition is not prescribed on its face, a party objecting to the petition has the burden of proving facts supporting the claim of prescription. State Ex Rel. Guste v. Thompson, supra.
However, if it appears on the face of the pleadings that more than one year has elapsed between the occurrence of the *967 tort and the filing of suit, the plaintiff has the burden of establishing an interruption or suspension of prescription. Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La.App. 1st Cir.1988); Dixon v. Houck, 466 So.2d 57 (La.App.2d Cir.1985).
The doctrine of contra non valentem agere nulla currit praescriptio applies in four general situations to prevent the running of liberative prescription:
1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979); Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987); Whitnell v. Menville, 540 So.2d 304 (La.1989); Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990).

DISCUSSION
The plaintiff contends that under the Tennessee statute it had no choice but to wait until the end of the one-year period following the accident to bring its suit for reimbursement. However, this delay left the suit open to the defendants' exception of prescription. The plaintiff maintains that had suit been filed earlier, the litigation could have been successfully met with an exception of prematurity. Thus, it argues that it will effectively be left without recourse unless this court applies either the Tennessee statute of limitations or the exception to the Louisiana statute of limitations found in the doctrine of contra non valentem.
The defendants contend that the law is clear that Louisiana's prescriptive period must be applied to the facts of this case. Furthermore, since the petition is prescribed on its face, they maintain that the plaintiff had the burden of proof, which includes showing that the suit could not have been brought in Tennessee.
We agree with the defendants. Under the "traditional" rule, prescription is a procedural matter of the forum. Gierling v. Garner, 284 So.2d 664 (La.App. 3d Cir. 1973). According to the "modern" trend, prescription is substantive law and the courts should apply the law of the state whose law would govern the merits of the action. See and compare Taylor v. Liberty Mutual Insurance Company, 579 So.2d 443 (La.1991). Under either theory, the Louisiana prescriptive period applies.
Furthermore, we note that various states have adopted different types of statutes concerning actions against third party tortfeasors by employers and worker's compensation carriers. They may be categorized as providing the following: no subrogation; absolute subrogation; subrogation and direct action coexistent; employee priority; and subrogee priority. 2A A. Larson, The Law of Workmen's Compensation § 74.10§ 74.15 (1992).
The Tennessee legislature adopted an employee priority statute, which, as previously noted, gives the employee the first opportunity to file suit against the third-party tortfeasor. If the employee fails to do so within one year of the injury, the employer then is given an additional six month period in which it can sue the tortfeasor. The Tennessee statute further provides that, if the cause of action arises in another state with a statute of limitations longer than one year, the employee is to be given the benefit of the longer time period in which to bring suit. However, the Tennessee statute makes no provision for situations such as the present one where the state in which the cause of action arose has a one-year prescriptive period (as Tennessee apparently does) for torts but no six-month extension in which the employer may then sue.
*968 Some states with employee priority statutes pursue a slightly different course, transferring the right to sue to the employer at some specific time prior to the expiration of the statute of limitations. For example, Illinois law provides that if the employee fails to sue the third party tortfeasor prior to three months before the action would be barred, then the employer may bring suit. Ill.Rev.Stat.1985, ch. 48, par. 138.5. Also see and compare the provisions of the Workmen's Compensation and Rehabilitation Law of the Suggested State Legislation of the Council of State Governments for 1963 and 1965, as cited in A. Larson, supra § 74.16(a), note 79.
The purpose of a statute of limitations or prescriptive period is to protect the parties and the local courts against the prosecution of stale claims. Each state determines for itself the period during which suit may be brought in its courts upon a particular claim. Restatement (Second) of Conflict of Laws § 142, comment d (1971).
The Louisiana legislature determined that the appropriate prescriptive period for general tort claims prosecuted in this state is one year. In so deciding, the legislature carried out the public policy of protecting Louisiana residents and Louisiana courts from stale claims.
It is unfortunate that Tennessee's statute does not safeguard the rights of an employer or insurer by assigning it the right to bring suit at an earlier time which would be within the one-year prescriptive period. However, it is clear that under Louisiana law the plaintiff's suit had to be brought within one year of the accident. Tennessee's lack of foresight in drafting its statute does not require that we apply its statute of limitations and give the plaintiff an additional six-month period in which to file suit.
The plaintiff seeks application of the doctrine of contra non valentem. The only categories of contra non valentem which could possibly apply are the first two. These two categories are "infrequently applicable in modern times." Whitnell, supra at 308.
As to the first category, the plaintiff cannot claim that it was prevented from bringing suit because of some legal cause which prevented the courts from taking cognizance of or acting on the plaintiff's claim. A "legal cause" in this context appears to refer to a situation such as the courts being closed by wartime conditions, as noted in Quierry's Executor v. Faussier's Executors, 4 Mart. (O.S.) 609 (1817).
The plaintiff claims that the instant case falls under the second category of contra non valentem, i.e., that there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing on his claim. In support of this argument, it relies upon the cases of Dalton v. Plumbers and Steamfitters Local Union No. 60, 240 La. 246, 122 So.2d 88 (1960), and Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972).
However, both cases are distinguishable from the circumstances of the present case. In the Dalton case, the supreme court held that a one-year prescriptive bar to a member's suit against his union for wrongful expulsion did not begin to run until his appeal to the union's executive board had been concluded. It would have been unjust to require a union member to follow the union's procedures and then allow the union to successfully plead prescription when the length of those union proceedings prevented the plaintiff from suing timely.
The Orleans Parish School Board case involved a suit against a contractor which had constructed a school in 1960. In 1968, serious structural flaws were discovered in the building which required its complete demolition and reconstruction. LSA-C.C. Art. 2762 allowed suit to be brought against a contractor when poor workmanship resulted in the ruin of a building he constructed within 10 years. In 1969, suit was filed against several defendants, including the contractor and its surety, which both pled the prescriptive period of three years provided in LSA-R.S. 38:2189. This statute, which was enacted by the legislature in 1962, required suit against a contractor *969 and its surety pertaining to construction of public works to be brought within three years of acceptance of the work.
The trial court denied the contractor's exception of prescription but granted that of the surety. The school board appealed the ruling on the surety's exception. The appellate court affirmed. However, the supreme court reversed. It found that LSA-C.C. Art. 2762 established a substantive right in favor of the school board to hold the contractor liable if ruin manifested itself within 10 years of the building's construction. Thus, the court refused to apply the three-year prescriptive period, which was enacted after the completion of the contract for which the surety bond was issued. The court found that there was no cause of action until the discovery of the ruin of the building in 1968, and that prescription began to run at that time.
The result reached in Orleans Parish School Board is doubtlessly correct. Certainly suit could not have been brought earlier during the three-year period when the plaintiff still had no knowledge of the defect.
In the instant case, we find that application of the doctrine of contra non valentem is inappropriate. The plaintiff's argument would require the application of the Tennessee statute of limitation, rather than that of Louisiana. Additionally, we note that the plaintiff/worker's compensation insurer is bound by its subrogation to the rights of its subrogor. Were we to accept the plaintiff's argument and allow it to bring suit against the tortfeasor after the expiration of the one-year prescriptive period, we would be investing the subrogee with greater rights than those possessed by the subrogor, the actual party in interest. This we cannot do. See Bosch v. Cummings, 520 So.2d 721 (La.1988); Perkins v. Scaffolding Rental & Erection Service, Inc., 568 So.2d 549 (La.1990).
Consequently, we find that the trial court correctly granted the defendants' exception of prescription. This assignment of error has no merit.

CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] This article was superceded by the 1991 revision of the conflict of laws articles which became effective on January 1, 1992. The new conflict of laws provisions apply to all actions filed after January 1, 1992, and are found in Book IV of the Civil Code, LSA-C.C. Articles 3515 to 3549.