DIMA JARRAR

VERSUS

MICHAEL ROCKVOAN AND GOAUTO
INSURANCE COMPANY

NO. 24-CA-312

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 848-026, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

January 29, 2025

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
    **FHW**
    **SJW**
    **JJM**



FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DIMA JARRAR
    Leonard J. Cline, Jr.
    Lionel J. Favret, III

COUNSEL FOR DEFENDANT/APPELLEE,
GOAUTO INSURANCE COMPANY
    Michele T. Barreca
    Matthew D. Fraser

**WICKER, J.**

This matter is before us on appeal of the trial court's judgment granting the peremptory exception of prescription filed by appellee, Go Auto Insurance Company ("Go Auto") and dismissing, with prejudice, the Petition for Damages (the "Petition") filed herein by appellant, Dima Jarrar ("Jarrar"). For the reasons stated below, we affirm.

### FACTS AND STATEMENT OF THE CASE

On or about September 23, 2022, Jarrar was operating a vehicle traveling northbound on Harvard Avenue in Metairie, Louisiana. As she approached the intersection of Fairfield Drive, she moved into the opposite lane to pass a construction vehicle that was blocking her lane. Go Auto's insured, Michael Rockvoan ("Rockvoan") was operating a vehicle that was traveling westbound on Fairfield Drive. It is alleged that Rockvoan disregarded a stop sign and crossed into Jarrar's lane of travel, causing a collision (the "Accident"). Jarrar claims that she suffered damages and physical injuries as a result of the Accident.

On July 18, 2023, some ten months after the Accident, Jarrar left the United States and traveled to Tel Aviv, Israel, to visit her family who live there. At the time she left for Israel, Jarrar had not filed a lawsuit as a result of the injuries and damages she allegedly suffered in the Accident.

It is not clear from the record when Jarrar retained counsel in conjunction with her claims, nor how she retained counsel, since she spent several months in Israel during that time, but on August 29, 2023, during the prescriptive period, her counsel sent a Letter of Representation to Go Auto, via email transmission, identifying a claim number, the date of the Accident, and Go Auto's insured, Rocvoan, as the alleged tortfeasor. The following day, a representative of Go Auto sent a letter to Jarrar's counsel acknowledging receipt of the Letter of Representation, stating that Go Auto would cooperate in the investigation of the claim, requesting certain

1

information from counsel relative to Jarrar's claims, and explaining to counsel the process to submit settlement proposals. Jarrar's counsel immediately provided Go Auto with Jarrar's medical records and invoices relating to the Accident on August 31, 2023, at which time, counsel also demanded that Go Auto tender the policy limits. On September 1, 2023, Go Auto sent correspondence to Jarrar's counsel offering to settle the matter for $5,300, asking counsel to present the offer to Jarrar, and advising that if accepted, the settlement would be confirmed upon receipt of an executed release at which point a check for the settlement amount would be sent to counsel.

The record does not indicate that Go Auto specified any date by which acceptance of its settlement offer would expire; nor does the record contain any indication that Jarrar's counsel at any time contacted Go Auto to request that Go Auto's offer of settlement remain open until such time as counsel was able to contact Jarrar. No correspondence or other evidence of any contact between Jarrar's counsel and Go Auto appears in the record from September 1, 2023, until September 27, 2023 – after the expiration of the one year prescriptive period – when Jarrar's counsel sent email correspondence to Go Auto referencing a call that had occurred on September 26, 2023,[1] and stating that as a result of that call, he was able to make contact with Jarrar and that Go Auto's offer was accepted.[2] The same day, Go Auto sent correspondence to Jarrar's counsel implicitly advising him that Jarrar's claims had prescribed.[3] Jarrar's counsel immediately sent email correspondence to Go Auto

---

[1] There is no evidence in the record as to the substance of any call on September 26, 2023. It is not clear whether Jarrar's counsel actually spoke to a Go Auto representative or whether Jarrar's counsel left a voicemail stating that he was attempting to get in touch with Jarrar relative to the settlement offer.

[2] Jarrar's brief filed in this case states that her counsel made "indirect" contact with Jarrar. Contact was made with Jarrar's husband who claimed to counsel that he had been in touch with Jarrar and that Go Auto's settlement offer was accepted. The record does not reflect that Jarrar's husband had any authority to act on her behalf. Jarrar did not return to the United States until February 3, 2024.

[3] The letter states that "Louisiana has a one (1) year prescription that applies to your client's liability claims. This means that you must either settle your claim or file a lawsuit asserting your claim on or before the one-year anniversary of 09/23/2022. Should the claim not settle or should

requesting Go Auto to honor its settlement offer in light of the facts that Jarrar was out of the country and it had taken counsel some time to get in touch with her, and Go Auto had not previously informed Jarrar's counsel that the offer would be or was revoked as of September 23, 2023.

On September 29, 2023, Jarrar's counsel sent a public records request to the Jefferson Parish Public Records Center requesting a copy of the Accident Report. On October 13, 2023, Jarrar's counsel received a copy of the Accident Report. The Petition was filed the same day. On December 21, 2023, Go Auto filed an exception of prescription, contending that Jarrar's claims set forth in the Petition had prescribed on their face and should be dismissed, with prejudice.

On March 16, 2024, Jarrar filed an opposition to the exception of prescription asserting that the doctrine of *contra non valentem* should be applied to suspend or interrupt prescription in this case because Jarrar had been unable to file the Petition until she did. Jarrar alleged that the application of *contra non valentem* was appropriate because she had been out of the country and unreachable, precluding counsel's ability to develop sufficient facts upon which to base the Petition. Counsel stated that he had been provided only with Jarrar's medical records, which did not indicate where the Accident occurred, any circumstances surrounding the Accident, or the identity of the other party who was involved in the Accident. Without these facts, Jarrar argued, her counsel could not know the proper venue in which to file the Petition. Jarrar's counsel represented that he had tried to piece together enough information to obtain the Accident Report, but that he had been unable to do so until September 29, 2023.

---

suit not be filed on or before this date, your client will be barred from recovery due to the claim having prescribed." The letter goes on to state that "no action taken to date or in the future should be construed as a waiver of or extension of the prescription." The letter does not expressly state that the settlement offer is withdrawn but implies that it is.

Go Auto responded that the facts as alleged by Jarrar did not support the application of the doctrine of *contra non valentem* in this case. A hearing on Go Auto's exception of prescription was conducted on March 26, 2024, following which the district court granted Go Auto's exception of prescription and dismissed Jarrar's claims, with prejudice. Judgment was entered on June 5, 2024. Jarrar timely filed a Motion for a Devolutive Appeal on June 13, 2024. This appeal follows.

## DISCUSSION

### A. Prescription; Standard of Review

At the time of the Accident and at the time of the filing of the Petition, the prescriptive period for delictual actions was one year, commencing from the day the injury or damage is sustained. La. C.C. art. 3492 (repealed).[4] An exception of prescription is a peremptory exception, the function of which is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, which has the effect of defeating the action entirely. *Ruffins v. HAZA Foods of Louisiana, LLC,* 21-619, p. 3 (La. App. 5 Cir. 5/25/22), 341 So.2d 1259, 1262, citing *Farber v. Bobear,* 10-0985 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069, citing La. C.C.P. arts. 927, 923, respectively. The party urging the exception of prescription has the burden of proof unless the grounds for the exception appear from the face of the petition, in which case, the burden shifts to the plaintiff to show that the claim has not prescribed, *i.e.,* that prescription has been renounced, interrupted or suspended. *Id.*, 341 So.3d at 1262, citing *Woods v. Cousins,* 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, writ denied*,* 12-2452 (La. 1/11/13), 107 So.3d 617 (internal

---

[4] In its 2024 Regular Session, the Louisiana legislature passed Act No. 423, Section 1 of which enacted Louisiana Civil Code Articles 3493.11 and 3493.12. Article 3493.11 changes the prescriptive period for delictual actions to two years, commencing from the day injury or damage is sustained. Article 3493.12 provides that if the damage is to immovable property, the two-year prescriptive period commences to run "from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." Section 2 of Act No. 423 repealed Article 3492 and 3493 in their entirety. Section 3 of the act states that it is to be given prospective application only and applies only to delictual actions arising after the effective date, which, pursuant to Section 3 of the act, is July 1, 2024. The delictual action in this case arose before the July 1, 2024; therefore, prescription is governed by former Article 3492.

citations omitted); *In re Singleton,* 19-578 (La. App. 5 Cir. 9/2/20), 303 So.3d 366-67.

Evidence may be introduced at the hearing on an exception of prescription to support or controvert the exception when the grounds thereof do not appear from the petition. *Id.,* citing *Woods,* 102 So.3d at 978, citing La. C.C.P. art. 931. In the absence of evidence, the exception of prescription must be decided on the well-pleaded allegations of material facts set forth in the petition, which are accepted as true. *Id.*, pp. 3-4, 341 So.3d 1262-63, citing *Woods,* 102 So.3d 978-79, citing, *Kirby v. field,* 04-1898 (La. App. 1 Cir. 9/23/05), 925 So.2d 131, 135.

The standard of review of a trial court's ruling on a peremptory exception of prescription depends on whether evidence is introduced. *Id.,* citing *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.,* 341 So.3d at 1263, citing *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id*. Here, evidence on the exception was introduced by both parties and we review the district court's ruling for manifest error.

### B. *Contra non Velentem*

The parties in this appeal do not dispute the facts or the applicable law. There is no dispute that, on its face, Jarrar's Petition was prescribed when filed, since the Accident occurred on September 23, 2022, and the Petition was not filed until October 13, 2023. Go Auto did not renounce or waive prescription. Accordingly, Jarrar bore the burden of proving that prescription was interrupted or suspended. Jarrar asserted in the district court that she is entitled to the avail herself of the limited

jurisprudential exception to the running of prescription known as *contra non valentem.* The district court ruled that she was not. Jarrar assigns four separate errors related to the district court's ruling but there is really only one issue to be determined here – whether under the facts presented, Jarrar is entitled to invoke the exception of *contra non valentem* to excuse her failure to file the Petition within one year of the Accident.

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription. *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So.3d 1145, 1150. *Contra non valentem non currit praescriptio* means that prescription does not run against a person who could not bring his suit. *Id*., citing *Harvey v. Dixie Graphics*, *Inc*., 593 So.2d 351, 354 (La. 1992). In *Spruiell v. Ludwig,* 568 So.2d 133, 138 (La.App. 5 Cir.1990), writ denied 573 So.2d 1117 (La.1991), this Court stated the law on the doctrine of *contra non valentem:*

> A judicially created exception to the running of liberative prescription is afforded by the doctrine of *contra non valentem agere nulla currit praescriptio,* (prescription does not run against one who is unable to act). The four recognized situations where the doctrine applies to prevent the running of prescription are:
>
> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
>
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

(Citations omitted); see also *Tenorio v. Exxon Mobil Corp.*, 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 274-75, *writ denied*, 15-1145 (La. 9/18/15), 178 So.3d 149.

Principles of equity and justice form the basic underpinnings of the doctrine of *contra non valentem*. *Nathan v. Carter,* 372 So.2d 560, 563 La. (1979).

The first two situations in which the *doctrine* of *contra non valentem* may be applied to suspend the running of prescription are, as this Court has recognized, "infrequently applicable in modern times." *Casteneda v. Louisiana Ins. Guaranty Assoc'n.,* 95-29, p. 4 (La. App. 5 Cir. 5/30/95) 657 So.2d 338, 340, citing *Whitnell v. Menville,* 540 So.2d 304 (La. 1989). In the first two situations, the cause of action is known to the plaintiff, but he was prevented from filing the claim due to no fault of his own. The first situation is exemplified by *Quierry's Executor v. Faussier's Executor,* 4 Mart. (o.s.) 609 (La.1817), where, prompted by wartime conditions, the Legislature suspended the filing of lawsuits, *i.e.,* a legal cause prevented the courts from acting on the plaintiff's action. The second is exemplified by *Dalton v. Plumbers and Steamfitters Local 60,* 240 La. 246, 122 So.2d 88 (1960), where the constitution and by-laws of the plaintiff's labor union required exhaustion of his appeal to the union's General Executive Board, before resorting to litigation *i.e.,* there was a condition coupled with the contract which prevented the creditor from suing or acting. The first two bases for applying *contra non velentem* do not apply in this case.

The third situation in which the doctrine may be applied is when a party by fraud or concealment prevents another from obtaining knowledge of a cause of action, in which case, prescription will begin to run only from the time the cause of action is discovered or might have been discovered by the exercise of reasonable diligence. See, *Ayres v. New York Life Insurance Co.,* 219 La. 945, 54 So.2d 409 (1951). There has been no allegation in this case that Rockvoan or Go Auto took any action to prevent Jarrar from obtaining knowledge of her cause of action. The question then becomes whether Jarrar did not know and/or reasonably could not know that she had a cause of action, even though her ignorance of her cause of action

7

was not induced by the defendants. As the district court correctly found, the facts of this case do not support the application of the principle of *contra non valentem.*

The Petition and the evidence in the record demonstrate that Jarrar knew of her cause of action on September 23, 2022, the date of the Accident. She has not claimed that she was ignorant of the cause of action but instead, claims that her *attorney* was ignorant of sufficient facts to timely file the Petition. As did the district court, we find this argument to be devoid of merit.

Jarrar claims that she was unable to file the Petition before October 13, 2023, because she was out of the country and could not be reached. She ignores the fact that she did not leave the country until July 18, 2023, some ten months after her cause of action accrued. It is unclear from the record whether she had retained counsel prior to leaving for Israel or whether she retained counsel after she arrived in Israel. Obviously, whenever she retained counsel, she should have provided counsel with the basic information about the Accident. Clearly, as pointed out by the district court, counsel knew enough to obtain her medical records relating to the Accident. Further, Jarrar's claims of being unreachable in Tel Aviv, Israel, as a result of the unrest in the region fail.[5] It was incumbent upon Jarrar to provide her counsel with sufficient information to enable counsel to investigate her claim and file a petition.

The evidence in the record shows that by August 29, 2023, Jarrar's counsel, at a minimum, had a claim number and knew the name of the alleged tortfeasor, the date of the Accident, and the identity of the insurer of the tortfeasor. By September 1, 2023, Go Auto had made a settlement offer. Counsel was aware that the one-year prescriptive period would expire on September 23, 2023. Counsel claims that efforts

---

[5] This Court takes judicial notice that the attack by Hamas on Israel that led to the current and ongoing conflict occurred on October 7, 2023, nearly three months after Jarrar arrived in Tel Aviv.

to reach Jarrar to transmit the settlement proposal to her were unsuccessful until September 26, 2023. Despite counsel's knowledge that the prescriptive period would expire on September 23, 2023, and knowing before that date that he had not been able to make contact with his client, the record does not reflect that counsel requested Go Auto to extend the prescriptive period until such time as he could make contact with her or to agree to keep the settlement offer open beyond the prescriptive period if he had not made contact with Jarrar by its expiration. Nor did counsel attempt to file a "place holder" suit that he could amend and/or supplement later, in the event that the settlement fell through. Counsel did not request an accident report until October 6, 2023, well after prescription had run and did not file suit until October 13, 2023, some 20 days after the running of prescription.

Thus, we do not find that the district court manifestly erred by "failing to address and consider relevant factors particular to the case at issue in determining whether or not contra non valentem applies to prevent the running of prescription," as alleged by Jarrar in her first assignment of error. Quite the contrary. We believe that the district court properly considered all of the relevant factors in finding that there is no basis for applying the doctrine of *contra non valentem* in this case.

Nor do we find that the district court committed manifest error by "inappropriately inferring the Appellant possessed facts sufficient to file a lawsuit prior to one year from the date of the accident," as contended by Jarrar in her second assignment of error. *Contra non valentem* is concerned with what was known to the *plaintiff* within the prescriptive period. Here the *plaintiff* knew as of September 23, 2022, that she had a claim or a potential claim against Rockvoan and his insurer for damages suffered as a result of the Accident. She apparently procrastinated while her cause of action lay dormant for at least ten months and then, simply left the country and made no contact with her attorney. It appears that she did not make

9

contact until September 26, 2023, and then, not with her attorney, but with her husband, who then contacted her attorney to accept Go Auto's settlement offer. Jarrar herself bears responsibility if her attorney had insufficent facts based upon which to properly file a lawsuit within the prescriptive period. Her failure to provide him the information necessary to conduct an investigation into her claims meant he could not timely file a properly pled petition in the correct venue.

For the same reasons we find Jarrar's first and second assignments of error to have no merit, we also find that the district court did not manifestly err "by granting Defendant's Exception of Prescription as Defendant did not submit any evidence that plaintiff had knowledge of facts sufficient to file a lawsuit prior to one year from the date of the accident," as asserted in Jarrar's third assignment of error. The evidence in the record clearly shows that Jarrar had knowledge of facts sufficient to file a lawsuit on September 23, 2022. Jarrar's fourth assignment of error is substantively the same as her third assignment of error, stated differently. Accordingly, we find that Jarrar's fourth assignment of error also lacks merit.

Accordingly, for the reasons stated above, the judgment of the district court granting Go Auto's exception of prescription in this matter and dismissing Jarrar's Petition, with prejudice, is **AFFIRMED.**

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-312

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
NO ATTORNEY(S) WERE ENOTIFIED

### MAILED
LEONARD J. CLINE, JR. (APPELLANT)
LIONEL J. FAVRET, III (APPELLANT)
ATTORNEYS AT LAW
3021 35TH STREET
SUITE A
METAIRIE, LA 70001

AUSTIN W. LANIER (APPELLEE)
MICHELE T. BARRECA (APPELLEE)
ATTORNEYS AT LAW
704 CARONDELET STREET
NEW ORLEANS, LA 70130

MATTHEW D. FRASER (APPELLEE)
ATTORNEY AT LAW
704 CHRONDELET STREET
NEW ORLEANS, LA 70130